# Smith *v.* The State.

55   59
116  450

*Indictment for Larceny.*

1. *Local jurisdiction of offense.*—Under the statute of this State (Rev. Code, § 3948), as at common law, if property is stolen in one county, and carried into another, a criminal prosecution against the thief may be instituted in either county; but this statute is only an affirmation of the common-law rule, not an enlargement of it; and where goods are stolen from a warehouse or dwelling-house (Rev. Code, § 3707), and carried into another county, a prosecution for the statutory offense cannot be instituted in the latter county, though the offender may be there prosecuted for simple larceny.

FROM the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The indictment in this case, which was found at the March term of said court, 1874, charged that Geta Smith and George Washington "feloniously took and carried away, from the ware-house of J. C. Groce, one bale of cotton, of the value of more than fifty dollars, the personal property of J. C. Groce." On the trial of said Geta Smith alone, as the bill of exceptions shows, the State introduced evidence showing that said defendant and George Washington stole the bale of cotton from the ware-house of said J. C. Groce, which was situated in Wilcox county, and carried it by the river to Selma, in Dallas county, where they sold it; that the owner tracked the cotton, indentified, and recovered it; and that it was worth about seventy dollars. On this evidence, the defendant requested the court, in writing, to instruct the jury, in effect, that they could not convict him of grand larceny. The court refused to give the charge, and the defendant excepted to its refusal.

T. W. CLARK, for the defendant, cited 3 Greenl. Ev. § 154; 1 Hale's P. C. 507; 2 Ib. 163; 1 Hawk. P. C. ch. 33, § 9; Bishop's Crim. Pro. vol. 1, § 76; *Hoskins v. The People,* 16 N. Y. 173.

JNO. W. A. SANFORD, Attorney-General, for the State, cited the statute (Rev. Code, § 3948), which, he contended, authorized a prosecution of the offense in either Wilcox or Dallas county.

BRICKELL, C. J.—The common law was inflexible, not only that a man should be tried, on a criminal accusation, by

[Smith v. The State.]

his peers, but that his triers should be of the vicinage—near the place where the offense was alleged to have been committed. The rule, if not gradually relaxed, was at least construed to be satisfied, if the trial was by a jury of good and lawful men of the county in which the offense was committed, or alleged to have been committed. An exception was early recognized, if the offense was in its nature continuous. A simple larceny furnished the most frequent example. The possession of the goods stolen by the thief was a larceny in every county into which he might carry them. The trespass, committed in the original taking, did not, in contemplation of law, divest the true owner of the possession; and every moment's continuance of the trespass and felony is, in legal consideration, a new caption and asportation.—1 Lead. Cr. Cases, 224.

The exception was, however, limited to simple larceny. If the original offense was compound, involving more than a simple caption and asportation, while the simple larceny was the subject of indictment in any county into which the thief carries the goods, the compound offense is indictable only in the county in which it was committed. 1 Lead. Cr. Cases, 225; 3 Greenl. Ev. § 152; 1 Bish. Cr. Pro. § 60. If, in the course of a robbery, larceny is committed, the offender could be convicted of the latter, not of the former offense, in any county into which he might carry the goods. So, if the offense is aggravated, because of the place of its commission, as in a store, or other house, the security of which is intended to be protected; of the aggravated offense, the offender is indictable in the county in which it was committed, and not in another county to which the goods may be carried. The offense committed in the latter county is the unlawful caption and asportation, not accompanied with an invasion of the security of a house within the protection of the law creating the compound offense.

The statute (R. C. § 3948) declaring, "where property is stolen in one county, and carried into another, the jurisdiction is in either county," is but an affirmation, not an enlargement of the common-law rule to which we have referred, and does not extend to compound offenses, like that imputed to the appellant. While he was indictable in Wilcox county for a felony, if he was guilty of there stealing goods from a ware-house, exceeding in value fifty dollars, he was only guilty of petit larceny, a misdemeanor, if the value of the goods was less than one hundred dollars, in Dallas county, to which he carried them. The felony was not ambulatory, but, by force of the statute creating it, locality is of its essence.

The rulings of the Circuit Court were adverse to these views, and the judgment must be reversed, and the cause remanded. The prisoner will remain in custody, until discharged by due course of law.

