# Lucas v. State.

### Indictment for Grand Larceny.

1. *Larceny; what necessary to sustain conviction in county other than that in which offense was committed.*—To authorize the conviction of a thief for larceny, in a county other than that in which the offense was committed, he must have had control, actual or constructive, of the stolen property in such county.

2. *Same.*—Where a horse is stolen in one county, and the thief sells and delivers possession to another person, and the two go to another county, where the purchaser takes the horse, that the thief may there receive the balance of the price, the thief cannot be convicted of larceny in the latter county; but where the thief and another party merely exchange horses, to be re-exchanged at pleasure, and the two ride into another county, the thief may be there convicted of the larceny; for in the latter event the person making the exchange would be but the agent or instrument of the thief in bringing the stolen property into the county.

APPEAL from Talladega Circuit Court.

Tried before Hon. JOHN HENDERSON.

The appellant, Matt Lucas, was convicted of the larceny of a horse. One Jones, a witness for the State, testified that he was in Rockford, Coosa county, Alabama, and early in the morning saw the defendant ride into that place on a fine mare; that he suspected the horse was stolen, and he asked defendant where he was going, to which defendant replied that he was going to Col. Glidden's Iron Works in Talladega county. Witness remarked that they could go together to Talladega, and in company with one Watt he and defendant left Rockford. After riding along for some time, witness remarked to defendant that he would like to own the mare he was riding, to which he replied that he would sell her, and after some conversation, witness offered to give defendant sixty dollars for the mare when they got to Talladega. This proposition the defendant accepted. At Stewartville, in Coosa county, witness and defendant exchanged horses, and after they had passed Hightower's Tan Yard, in Talladega county, witness proposed to defendant to give him a watch which he was wearing and ten dollars when they got to Talladega for the mare. The defendant agreed to this, and witness turned over the watch to him, and they rode on to Talladega, from which point witness telegraphed to the Chief of Police of Montgomery as to the character of defendant, and received an answer that he was a noted horse thief. It was agreed that Watt, if present, would swear that Jones and

,defendant traded for the horse at Stewartville, in Coosa county, and that Jones gave the defendant then and there a watch, in part payment for the mare, promising to pay the balance due when the defendant and Jones arrived at Talladega, and that the defendant then and there turned over the horse to Jones, while they were in Coosa county. There was evidence tending to show that the horse had been stolen from one Goodwin, in Elmore county. This was, in substance, all the evidence. The court charged the jury, " If, before witness, Jones, and the defendant got into Talladega county, even though Jones may have bargained with defendant for the mare, to be paid in Talladega, and exchanged horses with defendant in Coosa county, if it was not understood as a delivery to Jones under this contract, and Jones had ridden the mare into Talladega county, and may have determined in his own mind not to let defendant get possession of the mare until such time as he could find out whether the mare was stolen, if the defendant came willingly into Talladega county, on his route to Glidden's Iron Works, and for the purpose of getting pay for the mare of Jones in Talladega, claiming her as his property, if he stole the mare in Elmore county, from Goodwin, then he is liable to be prosecuted in this county," and the defendant excepted. The defendant then asked the following written charges: 1. " If the jury believe from the evidence, that Jones took possession of the mare in Coosa county, with the intention of keeping it until he (Jones) could ascertain whether or not it was stolen, then they should not find the defendant guilty of bringing stolen property into Talladega county, unless they should further see from the evidence that the defendant has had the horse in his possession in Talladega county." 2. "If the jury believe from the evidence that the defendant turned over the possession of the mare alleged to have been stolen, to Mr. Jones, at or near Stewartville, in Coosa county, and that the defendant has not had the mare in his possession since he delivered it to Jones at or near Stewartville, in Coosa county, they should acquit the defendant." 3. " If the jury believe from the evidence that, at or near Stewartville, in Coosa county, Mr. Jones traded with the defendant for the mare, and delivered to the defendant (as part of the subject matter of said trade) a watch, and that then and there defendant parted with the custody and control of said mare to Jones, then they should acquit the defendant." 4. " If Jones took actual custody of the mare in Coosa county, and the defendant has had no control or custody of said mare since Jones took possession of it in Coosa county, then they must acquit the defendant." The court refused to give

each of these charges, and the defendant separately excepted.

F. W. BOWDON, for appellant.

HENRY C. TOMPKINS, Attorney-General, *contra.*

STONE, J.—The controlling inquiry in this case, as presented by the record, is, the county in which the trade was made. One witness testifies it took place in Talladega county, the other in Coosa. This raised a question for decision by the jury. If the trade was made in Coosa, and Jones took possession of the horse, under the trade, in that county, then the horse was under his control, although it was agreed the defendant should accompany him to the town of Talladega, to be there paid the residue of the purchase price. On the other hand, if only a temporary exchange of horses took place in Coosa county, each riding the other's horse, to be re-exchanged at pleasure, and in this condition they entered Talladega county, then Lucas, the defendant, can be convicted, if the charge be otherwise made out, although he may not have had the actual custody of the horse in Talladega county. In the case last supposed, Jones would be but the agent or instrument of Lucas in carrying the property into the county, and the guilty act would be properly chargeable to Lucas. Several of the rulings of the Circuit Court are not reconcilable with these views. We need not particularize.—1 Bish. Cr. Law, § 137, *et seq.*

Reversed and remanded. Let the prisoner remain in custody until discharged by due course of law.