# Prestwood *v.* The State.

*Indictment for Enticing away Laborer.*

1. *Constituents of offense; consent of employer.*—The consent of the employer, expressed in writing, or given in the presence of a credible person, is a defense to a prosecution for enticing away a laborer in service under a written contract (Code, § 3757); if the consent is conditional, as on payment of the amount due the employer, performance of the condition must be shown; and the person in whose presence the consent is given being presumed to be credible, in the absence of evidence to the contrary, the defendant is entitled to have the jury pass on the sufficiency of the evidence.

2. *Local jurisdiction.*—If the employer and the defendant resided near each other, but in adjacent counties, and the acts requisite to the consummation of the offense occurred in both counties, the jurisdiction is in either. (Code, § 3719.)

FROM the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The defendant was indicted under section 3757 of Code of 1886, which makes penal knowingly interfering with, hiring, employing, enticing away, or inducing to leave the service of another, any laborer or servant, who has contracted in writing to serve such other person for a specified time, not to exceed one year, before the expiration of the time so contracted for, without his consent given in writing, or in the presence of some credible person. The purpose of the statute is the protection of the employer against unlawful interference with his laborers, who have contracted in the prescribed manner. His consent given in writing, or in the presence of some credible person, is requisite to justification or excuse; but the consent may be

[Ex parte Printup; Ex parte Elliott.]

conditional, and, on the performance of the condition, constitutes a full defense. There was evidence on the part of defendant, tending to show that the party with whom the laborer had contracted in writing, consented, in the presence of John Prestwood, who, in the absence of proof to the contrary, is presumed to be credible, that defendant might hire him, if he would pay the employer the amount due him by the laborer, and that the amount claimed to be due was paid. If these be the facts, the defendant did not commit the offense denounced by the statute. Defendant had the right to ask that the sufficiency of the evidence to establish these facts should be submitted to the jury. The third charge requested by defendant hypothetically states these facts, and should have been given.

The local jurisdiction is not necessarily in the county in which the defendant made the contract of hire with the laborer. If the acts requisite to the consummation of the offense occurred in both the counties of Dale and Coffee, the jurisdiction is in either county.—Code, 1886, § 3719.

Reversed and remanded.