# Thomas *et al.* v. The State.

*Indictment for Grand Larceny.*

1. *Larceny; plea of former conviction.*—On a trial under an indict-
ment for grand larceny, a plea of former conviction can not be sus-
tained by proving that the defendant, upon being arrested under a
warrant from a justice of the peace, on a charge of "larceny," plead-
ed guilty and paid the fine imposed by the justice, it being shown
that upon the trial before the justice of the peace the value of
the property alleged to have been stolen exceeded twenty-five dol-
lars; the justice having been wholly without jurisdiction of the cause.

APPEAL from the Circuit Court of Wilcox.

Tried before the Hon. R. GAILLARD, Special Judge.

The appellants, John Thomas and Andrew Campbell,
were indicted, tried and convicted for grand larceny, in
that they stole a bale of cotton.

On the trial of the cause the defendants interposed a
plea of former conviction, setting up the facts, that upon
being arrested upon a warrant issued by J. H. Keenan,
a justice of the peace in and for Dallas county, upon an

[Thomas *et al.* v. The State.]

affidavit being made before the said justice of the peace by one Sam Jones, charging the defendants with having stolen a bale of cotton belonging to said Jones, they were carried before the justice of the peace and pleaded guilty; and that J. H. Keenan, as justice of the peace, had jurisdiction of the offense with which the defendants were charged. The other averments of this plea are copied in the opinion.

The facts disclosed upon issue joined upon this plea are sufficiently stated in the opinion.

There was evidence tending to show that the defendants were guilty, as charged in the indictment. The only evidence offered by the defendants was in reference to having been tried before the justice of the peace.

Upon the introduction of all the evidence, the court, at the request of the State, gave to the jury the following written charge: "If the jury believe the evidence beyond all reasonable doubt, they must find the issue in favor of the State." The defendants duly excepted to the giving of this charge, and also excepted to the court's refusal to give the following charge requested by them: "The court charges the jury that, if they believe, from the evidence, that the offense of which the defendants were convicted by J. H. Keenan, justice of the peace, is the same offense charged in the indictment in this case, then the jury must find the issues in favor of the defendants."

VIRGINIUS W. JONES, for appellant.—The court erred in refusing the charge asked by the defendant, and giving the charge asked by the State.—*Powell v. State,* 89 Ala. 172; *Moore v. State,* 71 Ala. 307.

WILLIAM C. FITTS, Attorney-General, for the State, cited, *State v. Atkinson,* 9 Hum. (Tenn.) 677; *Boswell v. State,* 20 Fla. 869; *White v. State,* 9 Texas App. 390; *Bell and Murray v. State,* 48 Ala. 684; *Horton v. State,* 80 Ala. 9.

HARALSON, J.—The defendants pleaded former conviction, for "that they are now charged in the present indictment as having feloniously taken and carried away one bale of cotton the personal property of Sam Jones, which offense, defendants allege, is based upon and is of

[Thomas *et al.* v. The State.]

the same transaction and larceny as alleged in the said complaint aforesaid of said J. H. Keenan, J. P.," &c. The plea further sets up "that J. H. Keenan, J. P., had jurisdiction to try and dispose of the offense with which these defendants were charged." On this plea the State took issue.

The property having been stolen in Wilcox and carried into Dallas, the jurisdiction of the offense was in either county.—Cr. Code of 1886, § 3723.

The affidavit for the arrest charged simply the stealing of one bale of cotton by defendants from affiant, without stating any value. The warrant that issued was on a charge of larceny against the defendants. It was dated the 9th of November, 1895, and purports to have been "executed by W. H. Cravy." Whether he was an officer of the law or not does not appear. On the following day defendants appeared before J. H. Keenan, a justice of the peace in Dallas county. Sam Jones, the prosecutor, also appeared. Each defendant voluntarily pleaded guilty of petit larceny. Thomas was fined $10 and costs, amounting to $15.50, and was charged $9.35, "Hybart, Davis & Co.'s claim," amounting in all to $24.90. What the claim of H. D. & Co. was for, does not appear further than that one Hybart, a partner of that firm, bought the cotton from the defendant, Thomas. Andrew Campbell, the other defendant, was fined $5 and costs, amounting, altogether, to $10. The fines and costs were paid in cash. Keenan, the justice of the peace, testified that defendants voluntarily pleaded guilty before him without a trial, and he did not go into an investigation of the facts. It was shown that the bale of cotton was worth $25.50.

On these uncontroverted facts, it clearly appears that Keenan, the justice of the peace, had no jurisdiction to try this offense. It was grand larceny, and he was without jurisdiction of petit larceny, even, where the value of the property stolen exceeded $10.—Cr. Code of 1886, § 4233. He says he was told by Hybart, as it would seem, at or before the fines were imposed on defendants, the value of the bale of cotton was $25.50.

The justice of the peace acted in disregard of his duties in allowing the defendants to plead to a lesser offense than that with which they were charged. The prosecutor was present before the justice, and he swore on this trial

3

[Loiseau v. The State.]

in the circuit court, that the value of cotton was $25.50; the defendants certainly knew its value, and the justice of the peace must be held to have known that he had no jurisdiction to try and fine defendants for petit larceny when the value of the article stolen was more than $10, or to allow them to plead guilty in such a case. The conclusion can not be resisted, that the proceeding on the part of defendants was designed to be, and was, a near cut to evade prosecution for grand larceny. We can not lend our sanction to the validity of such a proceeding. The plea of former conviction was not sustained.—*Moore v. The State*, 71 Ala. 311; *Drake v. The State*, 68 Ala. 511; 3 Greenl. Ev., § 38.

There was no error in the refusal to give the charges requested by defendants, nor giving the general charge as requested by the State.

Affirmed.

