# James *v*. The State.

### *Receiving or Concealing Stolen Property.*

(Decided June 21, 1913.   Rehearing denied July 8, 1913.
62 South. 897.)

1. *Receiving Stolen Goods; Evidence; Corpus Delicti.*—In a prosecution for receiving a stolen bale of cotton, evidence that the bale of cotton had been taken from a gin house without the consent of the custodian for the owner, that a bale bearing the same mark had been hauled from the direction of the gin towards the warehouse by defendant and a companion, and placed in the warehouse by defendant's companion who took a receipt for it in his name, and that defendant joined his companion as he drove from the warehouse where the cotton had been deposited, though circumstantial in character, was sufficient to establish the corpus delicti.

2. *Same; Warehouse Receipts.*—As a warehouse receipt stands in lieu of the goods deposited, where the goods were stolen the possession of the receipt was a circumstance tending to show the holder in possession of the stolen goods.

APPEAL from Hale Law and Equity Court.
Heard before Hon. CHARLES E. WALLER.

Syd James was convicted of buying, receiving, or aiding in concealing a bale of cotton, knowing it to be stolen, and he appeals. Affirmed.

EVINS & JACK, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was convicted of the offense of buying, receiving, concealing, or aiding in concealing a bale of cotton, knowing it to be stolen, and not having the intent to restore it to the owner.

The bill of exceptions shows objection after objection made to questions calling for manifestly legal testimony clearly admissible in evidence. In every instance a motion is shown to have been made to exclude the answer, and exception reserved to the adverse ruling of the court. It would appear, from the fact that one of the grounds of objection stated in nearly every instance was "that the corpus delicti of the offense had not been established," that it was upon the idea that the corpus delicti had not been proven that the objections were interposed. There is nothing in this contention. It had been shown that the bale of cotton had been taken from the ginhouse, where it was stored, without the consent of the person who had charge and custody of it for the owner, and that a bale bearing the same marks had been hauled from the direction of the gin, by the defendant and a companion, in a wagon towards a warehouse; that it was put in the warehouse by the defendant's companion, who took a receipt in his name for it; and that the defendant again joined his companion as he drove off from the warehouse, where the cotton had been deposit-

[Fulton v. The State.]

ed. Even if this be considered only circumstantial evidence, the corpus delicti may be shown by such proof.— *Ryan v. State,* 100 Ala. 94, 14 South. 868; *Winslow v. State,* 76 Ala. 42; *Colquitt v. State,* 61 Ala. 48; *Johnson. v. State,* 59 Ala. 37; *Matthews v. State,* 55 Ala. 187.

It was also shown that this bale of cotton was sold by the defendant on the same day it was stored in the warehouse, and that the defendant exhibited a sample of the bale to a buyer and delivered to him the warehouse receipt that had been issued for it. The warehouse receipt held by the defendant stood in lieu of the bale of cotton, and the original holder by virtue thereof holds possession of the bale of cotton represented by it.—*Porch v. Lewis,* 6 Ala. 523, 60 South. 444. The possession of the receipt by the defendant was certainly a circumstance that might be looked to as showing defendant's possession of the stolen cotton, and it was shown that he actually sold and delivered the cotton on this receipt.

We have examined all of the rulings on the evidence shown by the record, and find no reversible error. The general charge requested in behalf of the defendant was properly refused.

Affirmed.