(118 So. 51)

**COVIS v. STATE.** (1 Div. 510.)

Supreme Court of Alabama.   June 21, 1928.

Gordon, Edington & Leigh, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

GARDNER, J. Petition for certiorari to review decision of the Court of Appeals affirming a judgment of conviction for assault and battery.

As disclosed by the opinion of the Court of Appeals, defendant relied not only on his plea of self-defense, but also insisted his conduct was justified on account of opprobrious words or abusive language directed to him by the assaulted party, evidence of which "shall be good in extenuation or justification, as the jury may determine." Section 3302, Code of 1923.

At the request of this defendant the trial court gave the following written charge:

"I charge you, gentlemen, that, if you believe for the evidence that Dennie Lyons used vile and opprobrious language toward Vincent Covis, then you may take this in consideration as mitigation or justification of the assault and battery on the part of Vincent Covis."

The court, upon said charge being read to the jury, then orally instructed the jury in reference thereto as follows:

"I might supplement that by saying that, if they provoked him to strike him, he must not only have abused him, but that must have been the moving cause of his striking him, if he did strike him."

To this language of the court exception was duly reserved.

It has long been the statutory law of this state that:

"Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written." Section 9509, Code of 1923.

This statute was construed by our early decisions as giving to the court the right to explain a given written charge when its expressions are inapt, involved, or have a tendency to mislead the jury, but to deny to the court the right to qualify, limit, modify, or restrict such charge.

"If it needs qualification, or restriction, or modification, to make it a correct legal proposition, as applicable to the evidence, the duty of the court is to refuse it. The power and duty of the court is to explain, not to qualify." Eiland v. State, 52 Ala. 322.

See, also, Callaway v. Gay, 143 Ala. 524, 39 So. 277; Pizitz v. Cusimano, 206 Ala. 689, 91 So. 779.

Speaking of the right of a party to have requested written charge given or refused in the terms in which it is written, the court, in the Eiland Case, supra, further said:

"This right the statute secures, and it cannot be diminished by the giving of a charge as it is requested, and then so limiting, restricting, or modifying it by qualification, as to diminish the force to which it may be entitled as a legal proposition."

As to whether or not the charge may have been refused, is not a matter of consequence, for under these decisions giving to that statute a settled construction, that is a matter that has been foreclosed by the action of the court in giving the charge. Edgar v. State, 43 Ala. 45; Eiland v. State, supra. There are contrary expressions by way of dictum in Franke & Muth v. Riggs & Mossman, 93 Ala. 252, 9 So. 359, and Williams v. State, 113 Ala. 58, 21 So. 463, which are not to be construed as disturbing the numerous former decisions which have expressed the settled law in construction of the statute. Some of the more recent cases are cited in Brewer v. State, 15 Ala. App. 681, 74 So. 764, where the court says:

"If a special charge requested needs qualification, modification, or restriction to render it correct, it should be refused; and if the court gives a charge, it is error to add qualification. 'Any other ruling nullifies the plain terms of the statute.'"

We think it clear the language of the court was not by way of explanation of the given charge, but a qualification, modification, or restriction of the same, and, indeed, the language in which the oral instruction begins so indicates, as the court states, "I might supplement that," which means, of course, an addition to what has been previously charged. It did not interpret or make more intelligible any expression of the given charge, nor relieve it of "any obscurity, or involvement attributable to it." Indeed, the language restricts somewhat the statute (section 3302, Code of 1923), which permits in cases of this character "opprobrious words or abusive language used by the person assaulted or beaten

at or near the time of the assault or affray" to be offered in evidence which "shall be good in extenuation or justification, as the jury may determine." The language of the statute indicates that the effect of such evidence is left entirely with the jury. Brown. v. State, 74 Ala. 42.

This is particularly true when it is considered that the statute permits such words in evidence in extenuation as well as justification of the assault, indicating the legislative intent that the jury may consider all the attendant circumstances of the difficulty (the opprobrious words or abusive language among them), and give such weight to each as they may deem proper in the exercise of their discretion. The qualifying instruction to the jury states that the language used must be the "moving cause" of the assault. If it constituted one of the moving causes, this would not suffice, but under such instruction it must have been the prime factor of the difficulty. The statute does not so stipulate and the instruction enlarges the statute beyond the scope of its language and intent. The qualifying instruction was therefore erroneous.

But whether erroneous or not, the result is the same, if in fact the language qualified, modified, or restricted the given charge. Such is the express holding of our decisions, to the end that the statute (section 9509) be not rendered nugatory. Eiland v. State, supra, and authorities therein cited.

The exception to the oral instruction was well taken, and the Court of Appeals erred in holding there was here no error. The foregoing expresses the views of the writer.

Justices SOMERVILLE and BOULDIN entertain the opinion that the oral instruction was a qualification of the given charge, and violative of section 9509, Code of 1923, without regard to the question of its correctness, and agree with the opinion upon this point, confining their concurrence thereto.

Justice BROWN concurs in the opinion that the instruction is a modification of the given charge, and thinks it was erroneous in the use of the words "abusive language" and disregarding that portion of the statute embraced in the language "opprobrious words."

Chief Justice ANDERSON and Justices SAYRE and THOMAS think the oral instruction was but an explanation of the given charge and was proper. They therefore dissent.

The writ will be awarded, and the judgment reversed.

Writ awarded.

Reversed and remanded.

SOMERVILLE, BOULDIN, and BROWN, JJ., concur, as indicated.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., dissent.