198 So. 860

## MILAM v. STATE.

## 7 Div. 561.

Court of Appeals of Alabama.

June 29, 1940.

Rehearing Denied Aug. 6, 1940.

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

Pruet & Glass, of Ashland, for appellant.

**BRICKEN, Presiding Judge.**

In the first count of the indictment, this appellant, defendant below, was charged with the specific offense of grand larceny, in that, he "feloniously took and carried away one No. 64½ Marcy-Ball Mill of the value of $1,500, the personal property of Martin Jenkins Norrell." The second count charged that he did buy, receive, conceal or aid in concealing the same and identical property, knowing that it was stolen, or having reasonable grounds for believing that it had been stolen, and not having the intent to restore it to the owner, etc.

Here, as stated, the indictment charged the defendant with the larceny of one No. 64½ Marcy-Ball Mill of the value of fifteen hundred dollars, said charge being a particular and precise averment, the State was under the burden, as in all criminal cases, to establish the corpus delicti by competent and sufficient proof. That is to say, in this case, necessary to

a conviction, the State was under the burden and was required to offer sufficient legal testimony to show that the defendant did feloniously take and carry away the identical personal property as alleged in the indictment, the rock mill in question.

The evidence in the case tended to show that the property alleged to have been stolen weighed about 20,000 pounds; that it was, and still is, situated in Clay County, at or near a dilapidated and abandoned graphite plant. There was also evidence that some person or persons wantonly or maliciously destroyed, or at least injured, said mill, and it being a commodity of value, such person or persons who committed the act could have been held to answer therefor under the provisions of Section 3212 of the Code 1923. Further, if said person or persons, after such injury to said mill, feloniously took and carried away any part of scrap iron, etc., such person or persons could have been held to answer a charge either of grand or petit larceny according to the value of the property involved.

Under the evidence before the grand jury of the county, said grand jury returned the indictment, supra. The State having thus elected to prosecute, the person accused in said indictment was called upon to defend only the specific charge therein contained. Allegation and proof of offense must correspond, and a material variance in the allegations and proof is fatal to a conviction. In other words, the State must prove the charge laid in the indictment, failing so to do, the defendant would be entitled to an acquittal.

In this case no such proof was had. Proof of depredations upon and injury to the property, as stated above, will not suffice.

■ In line with the foregoing the trial judge gave at the request of defendant, charges 13 and 15, which read as follows:

"13. I charge you, gentlemen of the jury, that before you can convict the defendant of the matter set forth in count one of the indictment you must believe from the evidence beyond a reasonable doubt that the defendant feloniously stole the property set forth in count one of the indictment.

"Given, R. B. Carr, Judge."

"15. I charge you, gentlemen of the jury, that before you can convict the defendant of the matters set forth in count two of the indictment you must believe from this evidence beyond a reasonable doubt that the defendant did buy, receive, conceal, or aid in concealing the property set forth in count two of the indictment.

"Given, R. B. Carr, Judge."

The court was correct in giving at the request of the defendant, the two above quoted charges, as each of said charges properly stated the law as has been hereinabove held.

The law governing the giving or refusing special written charges moved for by the parties is provided by Section 9509 of the Code 1923, which specifically says: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; which thereby become a part of the record. * * *"

The foregoing statute, as will be noted, secures to a party the right to have requested written charges given or refused in the terms in which they are written; and a trial judge falls into error, after having "given" a charge, when he undertakes to qualify, modify or restrict such charge. If the charge needs qualification, or restriction, or modification, to make it a correct legal proposition, as applicable to the evidence, the duty of the court is to refuse it. The trial court has the legal right to explain a charge, but, as stated, commits reversible error in modifying, qualifying or restricting such charge, as appears was done in the instant case. In our case of Brewer v. State, 15 Ala. App. 681, 74 So. 764, 765, this court said: "If a special charge requested needs qualification, modification, or restriction to render it correct, it should be refused; and if the court gives a charge, it is error to add qualification. 'Any other ruling nullifies the plain terms of the statute.' "

■ We are clear to the opinion, in the case at bar, that the so-called explanation of given charges 13 and 15 was in no sense an explanation; but in force and effect, a qualification, restriction and modification of said charges, the effect of which might properly be termed an emasculation of the legal propositions contained therein.

■ At the conclusion of the State's case, the record shows the following occurrence:

"Mr. Pruet: We move to exclude the testimony if the court please by the State on the ground that there is a variance between the allegations of the indictment and each count of the indictment and the proof in this case. There can be no question on earth and the authorities are too numerous that there is a variance between the allegations of this indictment and the proof offered on the stand.

"(Counsel for defendant and .counsel for the State then proceeded with arguments to the court)

"The Court: In view of the fact that the State has no appeal and you have no authorities in point I am going to resolve my doubts in favor of the State and overrule the motion.

"Mr. Pruet: We reserve an exception if the court please.

"The above exception was well taken, and is sustained."

There is a marked variance where the charge or accusation describes the property alleged to have been stolen as one No. 64½ Marcy-Ball Mill, of the value of $1,500, and the evidence which tended only to show that said mill had been unlawfully, wantonly or maliciously destroyed or injured, and that a small portion of the mill (scrap iron) had been stolen therefrom. To illustrate, under a charge of the larceny of one bale of lint cotton, and the proof disclosed the accused had taken only fifty pounds of lint cotton from the bale, a conviction could not be had because of the material variance between the allegation and proof. Likewise, were the accused charged with the larceny of an automobile and the proof to sustain said charge disclosed that only a wheel, or fender, or a bumper had been stolen from car, such prosecution could not stand because of the material variance between the allegation and the proof.

In this case numerous other insistences of error are properly presented for consideration; but in our opinion need not be decided or discussed, as not being necessary to the conclusion already reached that for the errors above indicated an order of reversal must be entered. However, from a cursory examination of some of said questions there appears merit in the insistences of appellant as to error.

The court erred also in overruling and denying defendant's motion for a new trial, as several of the grounds upon which the motion is predicated appear to be well taken.

Reversed and remanded.