198 So. 863

**MILAM v. STATE.**

.7 Div. 637.

Supreme Court of Alabama.

Oct. 10, 1940.

Rehearing Denied Dec. 12, 1940.

316

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for petitioner.

Pruet & Glass, of Ashland, opposed.

THOMAS, Justice.

The decision of the Court of Appeals to which the Attorney General's petition for certiorari is directed is "the holding that there was a variance in the indictment and the proof."

The indictment is in two counts, that the defendant "feloniously took and carried away one No. 64½ Marcy-Ball Mill, of the value of $1,500.00, the personal property of Martin Jenkins Norrell;" and that the defendant "did buy, receive, conceal, or aid in concealing, one No. 64½ Marcy-Ball Mill, of the value of $1,500.00, the personal property of Martin Jenkins Norrell, knowing it to have been stolen, and not having the intent to restore it to the owner, against the peace and dignity of the State of Alabama."

The Code form of indictments in such case was employed. The trial was had under the evidence on both counts and the verdict was, "We, the jury, find the defendant guilty as charged in the 1st and 2nd counts of the indictment, and we find the value of the property to be $46.67." The judgment responded thereto. Michie's Code, §§ 4905 and 4912.

■ The offenses of larceny and of buying, receiving and concealing stolen property are punishable alike under the statute. Booker v. State, 151 Ala. 97, 44 So. 56.

■ The stolen property described in the indictment was destroyed in Clay County by the use of dynamite, removed some distance from its base and parts thereof carried away by truck into Calhoun County, where it was sold for more than $25 as scrap iron. All done with a felonious intent. Thus the offenses charged were ambulatory under our decisions.

The Court of Appeals rests its judgment upon the following statement of facts and law:

"The indictment charged the defendant with the larceny of one No. 64½ Marcy-Ball Mill of the value of fifteen hundred dollars, said charge being a particular and precise averment, the State was under the burden, as in all criminal cases, to establish the corpus delicti by competent and sufficient proof. That is to say, in this case, necessary to a conviction, the State was under the burden and was required to offer sufficient legal testimony to show that the defendant did feloniously take and carry away the identical personal property as alleged in the indictment, the rock mill in question.

"The evidence in the case tended to show that the property alleged to have been stolen weighed about 20,000 pounds; that it was, and still is, situated in Clay County, at or near a dilapidated and abandoned graphite plant."

The Court of Appeals further said:

"* * * if said person or persons, after such injury to said mill, feloniously took and carried away any part of scrap iron, etc., such person or persons could have been held to answer a charge either of grand or petit larceny according to the value of the property involved.

"Under the evidence before the grand jury of the county, said grand jury returned the indictment, supra. The State having thus elected to prosecute, the person accused in said indictment was called upon to defend only the specific charge therein contained. Allegation and proof of offense must correspond, and a material variance in the allegations and proof is fatal to a conviction. * * *

"In this case no such proof was had. Proof of depredations upon and injury to the property, as stated above, will not suffice."

At the conclusion of the State's case, the record shows that defendant's counsel moved to exclude the testimony by the State on the ground that there was variance between the allegations of the indictment and each count of the indictment and the proof. Whereupon the court said: "In view of the fact that the State has no appeal and you have no authorities in point I am going to resolve my doubts in favor of the State and overrule the motion." Defendant's counsel duly reserved an exception.

The Court of Appeals does not discuss in detail the second count of the indict-

ment, and of this the Attorney General says:

"The evidence adduced on the trial of this cause shows uncontroverted testimony that the defendant had in his possession and sold many hundreds of pounds of scrap iron which was, without question, determined to be parts of the particular ball mill mentioned in the indictment. * * * The mill was shown to have been moved some 100 yards from its original resting place into the nearby woods and that it had been dynamited and the scrap iron, or parts therefrom, removed and sold. * * *

"As has been stated, the property which the defendant had in his possession and which he sold to various dealers in scrap iron was very definitely proven to be stolen property. * * *

The insistence of a variance under both counts was overruled and that ruling reversed by the Court of Appeals.

Both counts of the indictment were sufficient to inform the defendant of the criminal charges against which he was called upon to defend himself in the Circuit Court of Calhoun County. The corpus delicti of the removal of the mill from its base with a felonious intent, its destruction and asportation from Clay to and into Calhoun County was with the same intent, as shown by the State's evidence, within the requirements of law that obtain. Pfister v. State, 84 Ala. 432, 4 So. 395.

■ We may remark as to the proof of larceny, under our decisions and statutes, that such offense is based on the fact that it is a civil trespass on the possession of another as to his personal property done with a felonious intent. Larceny has been defined by this court in Edmonds v. State, 70 Ala. 8, 45 Am. Rep. 67, as follows: "The usual definition of 'larceny' is, 'the felonious *taking* and *carrying away* of the personal goods of another.' 4 Black. Com. 229. It is defined in Roscoe's Criminal Evidence, as 'the wrongful *taking possession* of the goods of another, with intent to deprive the owner of his property in them.'—Ib. 622. It is a well-settled rule, liable to some few exceptions, perhaps, that every larceny necessarily involves a *trespass,* and that there can be no trespass, unless there is an actual or constructive taking of possession; and this possession must be entire and absolute.— Roscoe's Cr.Ev. 623-24; 3 Greenl.Ev. § 154. There must not only be such a cap-

tion as to constitute possession of, or dominion over the property, for an appreciable moment of time, but also an *asportation,* or *carrying away,* which may be accomplished by any removal of the property or goods from their original status, such as would constitute a complete severance from the possession of the owner. 1 Greenl.Ev. § 154; Roscoe's Cr.Ev. p. 625. * * *"

■ The statutory definition of the buying, receiving and concealing stolen property is contained in Michie's Code, § 4912. The construction thereof (as to such receipt or concealment) is that "guilty knowledge may be inferred from facts and circumstances, in the absence of proof of actual knowledge. Like most facts, it may be inferred from other sufficient facts and circumstances, * * *." Vacalis v. State, 204 Ala. 345, 86 So. 92. Circumstantial evidence may be sufficient to establish the corpus delicti. James v. State, 8 Ala.App. 255, 62 So. 897. The defendant must be shown to have had control over the property for an appreciable moment of time. The statute makes the person who conceals or aids the thief in the concealment of stolen property equally guilty with him who first feloniously takes the property. Booker v. State, 151 Ala. 97, 44 So. 56.

The question of venue is defined by the several provisions of Chapter 172 of Michie's Code, §§ 4890–4898. It has been declared by this court that if the acts, requisite to the consummation of the offense, occurred in two or more counties, the jurisdiction is in either county under the statute. Prestwood v. State, 87 Ala. 147, 6 So. 392; Code, § 4894.

It is necessary that we further consider the venue of the indictment as set forth in the two counts and the evidence in support thereof charging larceny and receiving stolen property. The provisions of the Constitution, §§ VI, and 143; and of the statutes, Code, §§ 3797, 4535, 4890, et seq., as to venire in criminal cases, and the distinction observed in this court in a proper case between jurisdiction of the subject-matter and the person are to be considered. Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A.L.R. 285.

It is clear that §§ 4897, 4898 of the Code, and constructions thereof (Kidd v. State, 83 Ala. 58, 3 So. 442; Prestwood v. State, 87 Ala. 147, 6 So. 392; Whizenant v. State, 71 Ala. 383; Thomas v. State, 114 Ala. 31, 21 So. 784; Bryant v. State,

116 Ala. 445, 23 So. 40), authorized the indictment and trial in Calhoun County Circuit Court as that county acquired jurisdiction of a material part of the subject-matter (the mill) under the two counts of the indictment.

The defendant's counsel challenged the authority and jurisdiction of the Calhoun County Circuit Court under the evidence set forth. Whizenant v. State, supra. Under a long line of decisions, the counties of Clay and Calhoun had jurisdiction of the subject-matter. So, also, the counties through which the transporting guilty agents and trucks passed from the point of the felonious destruction and removal of the parts of the mill described by the party or parties engaged in that unlawful asportation. This phase of the case should have been specifically considered by the Court of Appeals.

Sections 4897 and 4898 of the Code are as follows:

"§ 4897.—When property is stolen elsewhere and brought into this state, the jurisdiction is in any county into which the property is brought.

"§ 4898.—When property is stolen in one county and carried into another, the jurisdiction is in either county."

This is but the operation of the rule of common law. In Smith v. State, 55 Ala. 59, Mr. Chief Justice Brickell said:

"The common law was inflexible, not only that a man should be tried, on a criminal accusation, by his peers, but that his triers should be of the vicinage—near the place where the offense was alleged to have been committed. The rule, if not gradually relaxed, was at least construed to be satisfied, if the trial was by a jury of good and lawful men of the county in which the offense was committed, or alleged to have been committed. An exception was early recognized, *if the offense was in its nature continuous.* A simple larceny furnished the most frequent example. The possession of the goods stolen by the thief was a *larceny in every county into which he might carry them.* The trespass, committed in the original taking, did not, in contemplation of law, divest the true owner of the possession; and every moment's continuance of the trespass and felony is, in legal consideration, a new caption and asportation.—1 Lead.Cr.Cases, 224.

"The exception was, however, limited to simple larceny. If the original offense was compound, involving more than a simple caption and asportation, while the simple *larceny was the subject of indictment in any county into which the thief carries the goods, the compound offense is indictable only in the county in which it was committed.* 1 Lead.Cr.Cases, 225; 3 Greenl.Ev. § 152; 1 Bish.Cr.Pro. § 60. * * *." [Italics supplied.]

In 19 A.L.R. 637, the above cited case is commented upon as follows: "In Smith v. State (1876) 55 Ala. 59, the accused was charged in a county other than that in which the crime was committed, with the statutory offense of feloniously taking goods from a warehouse. This, the court held, was a compound offense, involving more than a simple caption and asportation, and indictable only in the county in which it was committed. Although the question whether the prosecution for simple larceny in the county to which an accused had carried the stolen property was a bar to the prosecution of the compound offense in the county in which it was committed was not at issue, it may be inferred from the language of the court that it would not so consider it, it being said: 'If, in the course of a robbery, larceny is committed, the offender could be convicted of the latter, not of the former, offense, in any county into which he might carry the goods. So, *if the offense is aggravated because of the place of its commission, as in a store or other house, the security of which is intended to be protected, of the aggravated offense the offender is indictable in the county in which it was committed, and not in another county to which the goods may be carried.* The offense committed in the latter county is the unlawful caption and asportation, not accompanied with an invasion of the security of a house within the protection of the law creating the compound offense. The statute (Rev.Code, § 3948) declaring, "Where property is stolen in one county, and carried into another, the jurisdiction is in either county," is but an affirmation, not an enlargement, of the common-law rule to which we have referred, and does not extend to compound offenses, like that imputed to the appellant. While he was indictable in Wilcox County for a felony, if he was guilty of there stealing goods from a warehouse, exceeding in value $50.-00, he was only guilty of petit larceny, a misdemeanor, if the value of the goods was less than $100 in Dallas county, to which he carried them. The felony was not

ambulatory, but, by force of the statute creating it, locality is of its essence." [Italics supplied.]

Under the indictment in the case at bar, there was no aggravation of the offense of larceny, and that of receiving stolen property as was indicated in the Smith case, supra.

Chief Justice Stone followed the same rule in Whizenant v. State, 71 Ala. 383, saying: "Larceny does not change the ownership or lawful possession of property. Consequently, if the thief carry the stolen goods into another county, or have them so carried, and there exercise dominion over them, this constitutes a theft in the latter county; and the indictment, prosecution and conviction may be had in that county.—Smith v. State, 55 Ala. 59; Lucas v. State, 62 Ala. 26."

The venue was in Clay or Calhoun County, as State's counsel elected to proceed.

The trial in the circuit court was had under these statutes, and constructions thereof long prevailing in this jurisdiction. The action of the Court of Appeals was to the contrary.

The character and nature of the two offenses charged in the indictment being understood, we will proceed to a consideration of the rule as to a *variance* between the pleading and the proof in a criminal case as contained in several decisions of this court.

In Felix, a Slave, v. State, 18 Ala. 720, 726, which was a murder case where the allegation was that defendant was a "free negro" the averment was held to be fatal if not shown by the evidence. The rule was therein stated as follows: "Mr. Greenleaf lays down the rule thus; 'If the averment is divisible, and enough is proved to constitute the offence charged, it is no variance, though the remaining allegations be not proved. * * * The example put is an indictment for stealing a black horse; the animal is necessarily mentioned, but the color need not have been stated; yet, if averred, it becomes matter of description, and must be proved.—1 Greenl.Ev., § 65; 1 Starkie's Ev., 374. * * *."

The rule was declared in a murder case (McGehee v. State, 52 Ala. 224) where the defendant was alleged to be a "freedman", and Mr. Chief Justice Brickell speaking for the court said that the fact under our law is neither descriptive of the fact or degree of the crime nor material to the exercise of jurisdiction.

Several recent decisions touching the subject of a variance are cited by the appellant. They are without application to the case at bar. In Brandon v. State, 27 Ala.App. 321, 173 So. 240, 245, the variance was declared because the indictment charged embezzlement of funds as that of a particular officer, and the evidence showed there was no such office under the statute, and no such officer was "known to the law as a de facto office."

In Carr v. State, 104 Ala. 43, 16 So. 155; O'Brien v. State, Ala.App., 191 So. 389, 391; Ex parte State (Pollock v. State), 210 Ala. 69, 97 So. 240, the indictments were for the embezzlement of money and the proof showed the embezzlement of a check, which was held to be a variance in allegation and proof by this court.

In Dennison v. State, 15 Ala.App. 84, 72 So. 589, the charge was perjury committed in the giving of false testimony in an action between certain alleged parties and the proof showed a party not so alleged; in Hendrix v. State, 17 Ala.App. 116, 82 So. 564, the indictment charged false pretense in obtaining $500, and the proof showed a check and not money was illegally obtained and thereafter appropriated; in McClerkin v. State, 105 Ala. 107, 17 So. 123, the indictment was for perjury in a suit against a corporation and the record and proof supported that averment but did not show that the oath was administered by the clerk of the county as charged, there being then no such officer, and it was held a variance between allegation and proof. In Gober v. State, 140 Ala. 153, 37 So. 78, the charge was posting obscene literature on the dwelling house of the party named in the indictment, and the proof showed posting of such literature upon a house of the named party, but not on his dwelling. In that case a variance was held to have been presented.

The rule of variance in the foregoing cases, and in the earlier cases of false pretense as O'Connor v. State, 30 Ala. 9 (cited with approval in Cook v. State, 162 Ala. 90, 50 So. 319) and others are not of controlling effect in this case, charging in the indictment kindred offenses with like punishment. The felonious asportation was a material and necessary part of the subject-matter, the offense as charged.

We have indicated in the instant case that there was a destruction and removal of personal property weighing many tons, and under circumstances authorizing the

jury to find that all was done with a felonious intent. Thus, the instant prosecution and judgment was within the influence and analogy of our cases·of destruction and removal of a portion of domestic animals, with a felonious intent, such as Thomas v. State, 16 Ala.App. 219, 77 So. 57; Id., 201 Ala. 697, 77 So. 1001. In Croom v. State, 71 Ala. 14, and Kemp v. State, 89 Ala. 52, 7 So. 413, no part of the animal was taken away, and in Waters v. State, 117 Ala. 108, 22 So. 490, and Frazier v. State, 85 Ala. 17, 4 So. 691, 7 Am.St.Rep. 21, the removal of the animals or some part thereof is shown.

The subject of killing of domestic animals with a felonious intent and taking away a part of the carcass is treated as larceny in Flowers v. State, 69 Fla. 620, 68 So. 754, L.R.A.1915E, page 848, where many decisions are cited.

In People v. Lardner, 300 Ill. 264, ·133 N.E. 375, 19 A.L.R. 722–729, this rule was applied to particular classes of property, as interesting and extended notes will show, and embraced in addition·to the general authorities some of the Alabama cases, two of these involving the larceny of an automobile.

The general authorities support Joyce's Statement on Indictments, para. 424, that it is no objection to an indictment that the description of the property "is broad enough to include more than the proof specifically shows." This rule was approved in Lee v. State, 20 Ala.App. 334, 101 So. 907; certiorari denied, 212 Ala. 135, 101 So. 909; State v. Murphy, 6 Ala. 845.

In Bates v. State, 152 Ala. 77, 44 So. 695, the rule declared in State v. Murphy, 6 Ala. 845, was applied, where a defendant was charged in the indictment of stealing eight chickens, and the proof showed that he took only seven, or that only said number belonged to the party named. This was held not to be a fatal variance.

In the instant case, it is shown that the mill described in the indictment was feloniously removed from its base, though it was a heavy piece of machinery,·weighing about 20,000 lbs., and by such felonious action was rendered unfit for the purpose for which it was installed; that its material or necessary parts were taken and carried away,—all done under circumstances which warranted the jury in holding that such interference of the owner's possession was with felonious intent. A case like this is

Gettinger et al. v. Nebraska, 13 Neb. 308, 14 N.W. 403.

There was no violation of rule as to requested charges. Code § 9509. Covis v. State, 218 Ala. 47, 118 So. 51.

The action of the trial court was a proper explanation of charges 13 and 15 given at the instance of defendant and was not a modification or qualification thereof.

■ Justice THOMAS is of opinion that the writ should be granted. Chief Justice GARDNER and Justices BOULDIN, BROWN, FOSTER and KNIGHT and LIVINGSTON are of opinion that, taking the facts as found by the Court of Appeals, and by which this court is bound, that it does not appear that there was a theft of the mill as a whole at any time or place, but that the theft related to certain parts thereof after it was dismantled, and that this was done by some unknown party, and that certain parts thereof were carried into Calhoun County.

Accepting the statement of facts found by the Court of Appeals, the writ is denied. The Justices find themselves in accord with the statement of law upon the facts stated in the foregoing opinion by Justice THOMAS.

Writ denied.

All the Justices concur, except THOMAS, J., who dissents as to the denial of the writ.