314 So.2d 902

**John Henry WILLIAMS**

**v.**

**STATE.**

**3 Div. 327.**

Court of Criminal Appeals of Alabama.

April 1, 1975.

Rehearing Denied May 6, 1975.

Edward B. Raymon, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Winston T. Lett, Asst. Atty. Gen., for the State, appellee.

CATES, Presiding Judge.

Buying, receiving, etc., stolen property; sentence, seven years in the penitentiary. Code 1940, T. 14, § 338.

In January, 1974, in the course of second degree burglary committed at Hi-Fi Hideaway, Inc., two television sets were stolen.

Officers located the missing sets in the possession of Square Arrington. He explained his possession by saying that he had purchased the sets from one Abraham Ziegler, who was accompanied by the defendant. In the record before us Williams appears, according to the State's evidence, as a dishonest broker in the transaction between Ziegler and Arrington.

In brief, the appellant argues that there has not been sufficient corroboration and that there was a variance in proof between the ownership of the televisions as laid in Hi-Fi Hideaway, Inc., and testimony that Hi-Fi Hideaway, Inc., was the alter ego of one John Thorington.

We quote from the State's brief:

"The indictment alleged the property was stolen from Hi-Fi Hideaway, Inc., a corporation, and the proof at trial was that John Warner arrived at the place of the above-named business to find that two TV sets were missing from the *inventory of Hi-Fi Hideaway, Inc.* * * *. Hence, there is no variance.

Mr. Warner's testimony on page 24 of the transcript was with reference to Mr. John M. Thorington's ownership of the *business entity,* a corporation, and not to the TV sets as Appellant's brief argues.

\* \* \* \* \* \*

"The Appellee contends the record contains sufficient corroborative evidence from witness Square Arrington and from the Appellant himself to connect the Appellant to the commission of the crime. Square Arrington testified that the Appellant approached him at Rosa Lee Inn, asked him if he would like to purchase a TV set, and then introduced him to Abraham Ziegler [one of the admitted thieves].

"The Appellant at his trial took the witness stand in his own behalf. He testified that he knew that Abraham Ziegler had a TV set to sell and that he told Square Arrington that Abraham Ziegler had a TV set to sell * * *. Further he testified that he saw Ziegler and Arrington have a conversation * * * and soon thereafter accompanied Ziegler to Arrington's shop on Holt Street * * *. Appellant, however, denied any knowledge that the TV set was stolen, that he carried it from Ziegler's house to the car for transport to Arrington's shop, or that he received any money for arranging the sale."

We have considered the entire record under Code 1940, T. 15, § 389, including the following:

a) The clerk's certificate; [T. 7, § 767]

b) The court reporter's certificate;

c) The statement of the organization of the court; (Sup.Ct. R. 52);

d) The indictment (caption, charge, conclusions, and required endorsements);

e) Judgment entry (arraignment, presence of counsel, twelve jurors, empanelling and swearing of jury, verdict, adjudication of guilt, allocutus, sentence and notice of appeal);

f) Each ruling of the trial judge adverse to the appellant. From this examination we conclude that the judgment is to be

Affirmed.

All the Judges concur.

## ON REHEARING

CATES, Presiding Judge.

In brief to support his application for rehearing appellant argues:

"ARGUMENT NO. 1

"This Court has relied on the facts as set forth in Appellee's brief to uphold the lower court's conviction of the Appellant. The Appellee has misconstrued the facts to show that there was no variance between the indictment and proof offered at the trial. As is shown in the statement of the facts on transcript page 24, the testimony was that John M. Thorington was the owner of the television sets and not Hi-Fi Hideaway, Inc., a corporation, as set out in the indictment. Therefore, this is a material variance as to the ownership of the television sets and such variance is fatal to a conviction.

"ARGUMENT NO. 2

"This Court has also relied upon the Appellee's brief in the statement of facts concerning the television sets coming from *the inventory* of *Hi-Fi Hideaway, Inc.* However, these facts have been misconstrued and taken out of context by the Appellee as can be seen on transcript pages 22 and 23. There was an inventory taken by Mr. Warner, but there was not testimony that the television sets came from the inventory of Hi-Fi Hideaway, Inc. However, the witness did say on transcript page 24 that John M. Thorington was the owner and of the television sets which were stolen.

"HENCE, there is still a variance as to ownership of the stolen property and is thus fatal to a conviction.

"ARGUMENT NO. 3

"On transcript page 73, during the motion to exclude the evidence, it was brought to the lower court's attention that the Appellant did not have sufficient control over the television sets as required to sustain a conviction. In Appellant's original brief to this Court this fact was brought to the Court's attention. Also, the Supreme Court of Alabama in the case of Milam v. State, 198 So. 863, 240 Ala. 314, was cited as the proposition of law relied on by the Appellant.

"The Appellant did not have control over the property for an appreciable moment of time and hence a conviction cannot stand."

He also quotes from the record:

" * * * On Transcript page 24 the State's witness Mr. John Warner testified as follows:

'Q (By Mr. Dozier) All right. Mr. Warner, are you employed at Hi-Fi TV service?

'A Yes, sir.

'Q What is your position there?

'A Sales

'Q Sales?

'A Yes, Sir.

'Q *Who is the owner?* (emphasis added)

'A *John M. Thorington.'* (emphasis added)

"On Transcript pages 22 and 23 the following is transcribed:

'Q Mr. Warner, on January the 19th, 1974 did you have an occasion to go to your place of business?

A  Yes, Sir.

Q  All right.  When you arrived at your place of business, what did you observe, please?

A  That the back door had been broken in, the shop had been robbed.

Q  The Shop had been robbed?

A  Yes, Sir.

Q  Did you take an inventory of all the things missing?

A  Yes, Sir.' "

*Milam,* supra, is one of those curious excresences upon the jurisprudence of the relationship between the Supreme Court of Alabama and the former Court of Appeals. In view of the last three paragraphs, as shown on p. 320, we cannot accept the facts supposed by Mr. Justice Thomas as controlling over the facts shown in Milam v. State, 29 Ala.App. 494, 198 So. 860.

It follows that the opinion of Mr. Justice Thomas in *Milam,* 240 Ala. 314, 198 So. 863, is—to the extent his facts vary from those found by Court of Appeals—a mere exercise of gratuitious dictum written upon abstract questions of law.

It was this trait that led to the adoption of Supreme Court Rule 42 which reads as follows:

"The court being of the opinion that in reporting decisions of this court when, upon original consideration, there is a division of the justices and a majority opinion is prepared, the proper and more orderly manner for such decision to appear in the reports is for the majority opinion to be printed first."

A · glance at Shepard's Citator fails to show that the Supreme Court of Alabama, the former Court of Appeals, or this Court, has ever cited headnote 5 of Mr. Justice Thomas's opinion in *Milam,* supra, either with approval or disapproval. Hence, like an uncherished bastard, it remains in limbo.

We consider that the application for rehearing is due to be overruled.

Application overruled; opinion extended.

All the Judges concur, except HARRIS, J., who concurs in result.