CLARK, Retired Circuit Judge.
By one count of an indictment defendant-appellant was charged with grand larceny and in another count with buying, receiving, concealing or aiding in concealing personal property, described in each count as “one (1) John Deere four (4) row planter, of the value of Twenty-five ($25.00) Dollars or more,” the property of “Carson Implement Company, Inc., a corporation.” A jury found him guilty as charged in the indictment, and the court sentenced him to imprisonment for five years.
About a month before his conviction, defendant had been tried on the same indictment, but the jury was unable to reach a verdict thereon, and a mistrial was declared and the case was ordered to be placed on the active trial docket.
We find it necessary to reverse the judgment by reason of the admission in evidence, over the objection of the defendant, of the testimony in the first trial of an important witness for the State. The basis for the admission is shown by a colloquy in the record among counsel for the respective parties and the court, partly as follows:
“THE COURT: Call your next witness.
“MR. LITTRELL: Judge, our next witness would be Jackie Burch. He is at the present time in Auburn in School. I spoke with him last night, but he has a Chemistry Exam today and he said that it was not possible for him to attend Court today. Of course by the time I talked with him the Jury had already been struck and put in the box. I explained that matter to him and he said that he had talked with his professor, and his professor told him that there was no way — that there were 250 people taking the exam and that there was no way that they could work around it, so he just said that it was impossible for him to be here, and I told him — so I had his testimony from the last trial, at which was finally declared a mistrial transcribed by ■ Mr. Eaves, the Court Reporter, and certified by him.
* * * * * *
“THE COURT: Well, I think Under the circumstances, since Mr. Burch is unavailable, and that he is at some distance and that the State has made a bona fide and good faith effort to get him here, that this testimony that he gave in the trial before is pertinent and proper I am going to allow the State to read his testimony into the record in this case, and Ladies and Gentlemen you will consider it as though Mr. Burch is here and is giving his testimony.
sf: * * * * * ■
“THE COURT: This evidence is perfectly permissible and legal in any court within the State of Alabama or the United States. All right, proceed.
“MR. CAINE: We except.”
To the contention of appellant that the above action constitutes reversible error, appellee responds by referring to the evidence admitted as “the deposition of a non-party witness” and cites Dunahoo v. Brooks, 272 Ala. 87, 128 So.2d 485 (1961); State v. Long, Ala., 344 So.2d 754 (1977); Ala. Power Co. v. Taylor, 293 Ala. 484, 306 So.2d 236 (1975); and Wyatt v. State, 35 Ala.App. 147, 46 So.2d 837 (1950).
*915 The first three cases cited by appellee were civil cases. In the first of the cases cited, the deposition of an adverse party was involved. In each of the next two cases cited, in admitting the pre-trial deposition of a witness who was over one hundred miles from the place of trial, the court was relying upon Ala.Rules of Civil Procedure 32(a)(3)(B), which expressly permits the reception in evidence of the deposition if the witness is at a greater distance than one hundred miles from the place of trial, unless the absence of the witness was procured by the party offering the deposition. Nothing further needs to be said as to the inappositeness of the first three authorities cited by appellee, other than to comment that appellee would be, and the trial court in its ruling would have been, clearly correct if the cases being tried had been a civil case and the testimony offered had been a pre-trial deposition.
Wyatt v. State, supra, does not support appellee’s position. It indicates, if it does not hold, that the basis for admitting the former testimony of the witness in this case was insufficient. At 46 So.2d 843, it is stated:
“The testimony of a witness at a former trial is admissible in a second trial when at the time the witness is dead, under disability, is permanently absent from the state, or becomes unavailable by reason of claim of privilege at the second trial. Mims v. Sturdevant, 36 Ala. 636; Jeffries v. Castleman, 75 Ala. 262; McCoy v. State, 221 Ala. 466, 129 So. 21.
There are a few bases for admitting the testimony of a witness at a former trial other than those stated above in Wyatt, but none of them expressly or impliedly includes the reason given in this case for the non-production of the witness. A comprehensive consideration of the matter and a collection of the pertinent authorities are found in Gamble, McElroy’s Alabama Evidence, § 245.07(8)(1977).
Although the above conclusion is sufficient to require a reversal, we should also note that a serious question was presented on the trial as to whether there was a fatal variance between the evidence as to the property stolen and the description of the property in the indictment. There is ample evidence to show that parts of a “John Deere four (4) row planter” were stolen. The reference in the indictment and in the evidence was to a modern planting machine equipped to plant seed of various kinds four rows at a time, powered by a tractor to which the machine may be hitched. The planting machine had not been assembled as an operating unit. A part of the testimony of the only witness who described the property stolen was as follows:
“Q. In what form was this planter?
“A. It was broken down.
“Q. Was it in boxes or what?
“A. Yes, sir, part of it was in boxes and part of it was just open.

“Q. All right, now, — all right. Now, as far as what was taken from the parts that make up a four row planter, would you restate those, please, and just list them all?
“A. Well, about the only way I can list them is, it was three rows of a four row planter.

“Q. All right. Now, underneath those hoppers is sort of a gearing mechanism that puts out the seed; is that correct?
“A. That is true.
“Q. That is really the gearing and the—
“A. That makes up the unit. All of those drive gears and so forth.
“Q. All right. Now, what you are saying, I believe, and you can correct me if I am wrong, what was taken was the gearing mechanism; is that correct?
“A. Well, not just the gearing mechanism; what was taken, like back in these pictures, the bar across the front, which is a three point hitch bar, and what was taken was three units which you could clamp right to this bar on this particular type of planter that was taken.
“Q. Uh — huh.
*916 “A. And you can make, there along with another unit, would make a four row planter.
“Q. Yes, sir.
“A. And the hoppers were not taken. They had big fiberglass hoppers, and they were not taken.
“Q. Uh — uh.
“A. But everything else from the bar, other than the hoppers, were taken.”
We seriously doubt that the evidence as to what was taken was in substantial conformity with the description thereof in the indictment, which, if true, would have entitled the defendant to a favorable ruling on his motion to exclude the evidence at the conclusion of the State’s evidence. Hammac v. State, 44 Ala.App. 459, 212 So.2d 849 (1968); Milam v. State, 29 Ala.App. 494,198 So. 860, cert. denied 240 Ala. 314, 198 So. 863. We think it better not to attempt to say conclusively at this time whether there was a fatal variance, for the reason that the testimony on the subject is not as clear as it could and should be, and in the expectation that, if the case proceeds to another trial on the indictment as it now reads, the evidence on the question will be much clearer than now.
For the error indicated, the judgment of the trial court should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.