BOWEN, Judge,
dissenting.
I dissent from Part I of the majority opinion finding that venue was properly in Cullman County, since the jeans were initially stolen from that county, even though the defendant was never shown to have possessed the stolen jeans in Cullman County or to have conspired in the original taking.
In Kilpatrick v. State, 383 So.2d 863 (Ala. Cr.App.), cert. denied, Ex parte Kilpatrick, 383 So.2d 867 (Ala.1980). I joined in the special concurrence of Judge Bookout.
“I concur with the majority because the appellant resided in Vinemont in Cullman County. She therefore possessed the stolen property in Cullman County before taking it to Morgan County to sell it. Venue was sufficiently proven as being in Cullman County by State’s Exhibit No. 2, the receipt she signed showing her address to be in that county.
“I do not however want to be understood as agreeing with the inference which could be drawn from the majority opinion that buying, receiving, and concealing stolen property is an ambulatory offense in all cases. Sledge v. State, 40 Ala.App. 671, 122 So.2d 165 (1960), is a very valid and important exception to the general rule announced in the majority opinion. Where property is stolen in one county by one party and taken to another county and sold to a second party who had no connection with the theft, the second party cannot be tried in the county where the theft was committed absent some proof connecting him with the theft or possession in that first county. Section 15-2-9, Code of Ala.1975, does not have universal application in buying, receiving, and concealing cases. That principle is recognized in a careful reading of Milam v. State, 240 Ala. 314, 198 So. 863 (1940), *135 although Milam is often cited in support of the ‘boiler plate’ proposition that buying, receiving, or concealing, etc., is an ambulatory offense.”
Kilpatrick, 383 So.2d at 867.
In support of this see also 30 A.L.R.2d 1265, Section 30 (1953).
For these reasons, I dissent from Part I of the majority opinion.