Levoin Cheatham was indicted for robbery in the first degree in violation of § 13A-8-41, Code of Alabama, 1975. The appellant was found "guilty as charged in the indictment" and sentenced to 25 years in the penitentiary.
Billy Pickelmayer testified that on November 24, 1979, he was the owner of Bob Hall's Auto Parts in Birmingham. On that day, at approximately 5:00 p.m., he was in his office, along with six other people, (whom he identified as a nephew named Sidney Johnston, an employee named Arthur White, two of Mr. White's brothers and their girl friends) when three black males entered the office and told them this is a robbery.
Pickelmayer was standing behind a counter and as he attempted to walk around the counter, he was struck on the head with a pistol by one of the men. The two struggled and the man again struck Pickelmayer over the head and told everyone to lie down.
The same man, who was behind the counter with Pickelmayer, then took two billfolds out of Pickelmayer's pockets, one billfold contained company money and the other contained personal money. The total amount of money contained in the two billfolds was approximately $1800. Pickelmayer was then told to open the cash register and the man took money out of it. He then took Pickelmayer's .38 Colt pistol, serial number 126458 from a drawer next to the cash register. Pickelmayer identified State's Exhibit No. 1 for identification as his gun that was taken during the robbery.
After the three men left, the police were called and Pickelmayer was taken to the hospital for treatment of the injuries he incurred during the robbery.
Pickelmayer identified the appellant as the man who hit him and stated he was positive the appellant was one of the three men who robbed him on that day.
On December 1, 1979, William Lee Bowlin of the Nashville Police Department was dispatched to the B B liquor store in Nashville. When he arrived there, he saw three men standing in the store and placed them under arrest. He identified those three men as Milton Seymour, Malverick Player and the appellant.
A search was conducted of the store and one of the other officers, Valerie Jean Meese, found a .38 Colt pistol, serial number 126458, on a shelf approximately three to seven feet from where the appellant was standing. No one in the store claimed ownership of the gun. Both Bowlin and Meese identified State's Exhibit No. 1 as the gun that was found and Bowlin testified the gun had remained in his custody from that time until he brought it to court.
A later search of the appellant's person was conducted and two loaded .38 shells were found in his pocket. *Page 1352 
Sergeant J.C. Farrell testified he made several visits to Pickelmayer concerning the robbery. Although the testimonies of Pickelmayer and Farrell differ concerning during which visit Pickelmayer made his identification and whether he identified Player or Seymour, the evidence is clear that Pickelmayer gave a description of the men to Farrell and positively identified the appellant from a group of photographs.
 I
The appellant contends the State failed to bring him to trial within the 180 day period prescribed under the Mandatory Disposition of Detainers Act (§§ 15-9-80 -88, Code of Alabama (Supp. 1978) and therefore the indictment against him should have been dismissed.
The applicable section of the Act, Art. III (a), reads as follows:
"Article III
 "(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within 180 days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint; provided, that for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the appropriate official having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decision of the state parole agency relating to the prisoner."
The relevant events concerning the appellant's contention are set out as follows:
August, 1980 — Appellant was indicted on the present charge by the Grand Jury in Jefferson County. At that time, he was confined in the penal system of the state of Tennessee.
April 15, 1981 — Appellant had two cases pending against him in Jefferson County, Alabama. He signed consent forms pursuant to the requirements of the Mandatory Disposition of Detainer's Act. This was the triggering event which started the running of the 180 day period.
August 13, 1981 — Appellant was transported to Jefferson County, Alabama.
August 17, 1981 — Both of appellant's cases were set for trial this week. A continuance was granted by mutual consent of both parties and the trial was reset for the week of September 14, 1981.
September 14, 1981 — Neither of the appellant's cases were reached this week and were carried over until the week of September 21, 1981.
September 21, 1981 — Continuances were granted in both cases. One of the cases (not the one at bar) had to be continued due to the illness of a witness. The second case (the one at issue) was continued because it was the higher numbered case and the state was not prepared to try it because there were out-of-state witnesses who had not been contacted since the lower numbered case was to be tried first. The cases were then reset for the week of November 16, 1981.
October 13, 1981 — 180 day period from April 15, 1981 ended.
October 26, 1981 — Appellant filed a pro se motion to dismiss the indictment because the 180 day period expired.
November 17, 1981 — Lower numbered case was tried.
December 1, 1981 — The instant case went to trial. *Page 1353 
The total period from April 15, 1981, (when the appellant signed the consent forms) until December 1, 1981, (the date of the appellant's trial) was 229 days, 49 days in excess of the 180 day period.
Both parties agreed to the continuance granted on August 17, 1981, until September 14, 1981. This had the effect to toll the period for 28 days. The time period from September 14, 1981, until December 1, 1981, is the time period which is in contention. The only issue is whether the continuance was reasonable and necessary and granted for good cause. See, Alabama Code, § 15-9-81, Art. III (a) (Supp. 1978). See alsoUnited States v. Ford, 550 F.2d 732 (U.S.C.A., 2d Cir. 1977).
During the hearing on the appellant's motion to dismiss, the trial judge stated:
 "THE COURT: No, no; but I think that from the evidence presented to me, it's obviously the intention of the parties counsel was to try the lowest numbered case on September 21st. I don't find it unreasonable for Judge Nice to continue this case rather than him just — all right, we can't try the first case, we'll try the second case in about, however, short a notice.
 "I am going to find that there has been continuances granted by the Court for good cause shown which will toll the running of the time so as to cause this trial to commence within the requirements of this statute, consequently, Mr. Gwin, I overrule your motion and give you an exception for the record." (R. 123-124).
It has been the policy of this court to uphold a finding of the trial judge unless it appears that his decision is manifestly wrong. We do not intend to deviate from this course at this time. There are no guidelines which set out what constitutes reasonable and necessary grounds for a continuance. Therefore, we must leave that to the judge's discretion.
Moreover, we find there is ample evidence to support the trial court's finding that the continuance was necessary and reasonable. The lower numbered case was to be tried first as is usually the custom unless otherwise agreed to by the parties. The prosecution had no way of knowing that one of the witnesses in the lower numbered case was going to be ill, and therefore could not have anticipated the need to have the out-of-state witnesses ready for trial. It would have been impractical for the witnesses and a senseless waste of the state's resources for the prosecution to have the out-of-state witnesses ready in the unlikely event the other case fell through.
We find that the continuance granted by the trial court on September 21, 1981, was reasonable, necessary, and for good cause and hold the appellant was properly tried within the time limitations set out by the Mandatory Disposition of Detainer's Act. Therefore, the trial court was correct when it denied the appellant's motion to dismiss this indictment.
 II
The appellant claims reversible error was committed when the trial judge allowed the state to introduce evidence concerning a pistol which was found in the possession of the appellant during an arrest of the appellant in a liquor store in Nashville. He asserted the evidence of his arrest would be highly prejudicial because the jury would draw the obvious inference that the appellant had been involved in a robbery of the liquor store.
 "While it is true that evidence of separate crimes is inadmissible where the only probative function of such evidence is to show bad character, or an inclination or propensity to commit the type of crime for which an accused is being tried, if the accused's commission of another crime or misdeed is an element of guilt, or otherwise tends to prove his guilt, then proof of such other crimes is admissible. Sparks v. State, 376 So.2d 834 (Ala.Cr.App. 1979); C. Gamble, McElroy's Alabama Evidence § 69.01 (1) (3rd ed. 1977)."
Watson v. State, 398 So.2d 320 at 328 (Ala.Cr.App. 1980).
This court has recognized several well defined exceptions which allow evidence of *Page 1354 
other crimes to be presented during trial. They are:
 "[W]hen necessary to prove the scienter or guilty knowledge, when an element of the offense charged; (2) when the offense charged and the offense proposed to be proved are so connected that they form part of one transaction; (3) when it is material to show the intent with which the particular act is charged as criminal was done, evidence of another similar act, though in itself a criminal offense may be given; (4) when it is necessary to prove a motive for the criminal act imputed, and there is an apparent relation or connection between the act and other criminal acts committed by the accused; (5) when it is necessary to prove the identify of the offender, or of an instrument used in committing the offense; (6) there are also cases in which the accusation itself involves a series of acts which must be proved to make out the offense; (7) and cases in which the several offenses are all a part of the res gestae."
Allen v. State, 380 So.2d 313 at 329 (Ala.Cr.App. 1979).
Certain relevant and competent evidence should be allowed even though it may be prejudicial to the accused in an incidental manner.
 "All evidence is relevant which throws, or tends to throw, any light upon the guilt or innocence of the prisoner. And relevant evidence which is introduced to prove any material fact ought not to be rejected merely because it proves, or tends to prove that at some other time or at the same time the accused has been guilty of some other separate, independent and dissimilar crime. The general rule is well settled that all evidence must be relevant. If the evidence is relevant upon the general issue of guilt, or innocence, no valid reason exists for its rejection merely because it may prove, or may tend to prove, that the accused committed some other crime or may establish some collateral and unrelated fact."
Allen v. State, supra at 329.
Courts have long recognized the relevancy of evidence which shows that certain property known to have been stolen was found in the possession of the accused. See Grant v. State, 55 Ala. 201
(1876).
 "The position has been repeatedly taken by this Court and by other courts that upon proof that a burglary has been committed, the possession soon thereafter of goods stolen in the burglary affords a logical inference, in the absence of a satisfactory explanation of the possession, that the possessor was the burglar. Wildman v. State, 42 Ala. App. 357, 165 So.2d 396; Miller v. State, 43 Ala. App. 287, 189 So.2d 576; Rutherford v. State, 48 Ala. App. 289, 264 So.2d 210, cert. denied 288 Ala. 750, 264 So.2d 214. The rule applies alike to burglary and larceny, and it seems clear that the kind of possession required to form a basis for an inference of guilt is generally the same as to the two crimes."
Breazeale v. State, 51 Ala. App. 320 at 322, 285 So.2d 130
(1973). See also Trammell v. State, 377 So.2d 12 (Ala.Cr.App. 1979).
We believe this logical inference should be applied to robbery as well as larceny and burglary.
Actual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances. Breazeale v. State, supra.
There is sufficient evidence contained in the record to lead us to conclude that the gun found in the liquor store was or had been in the appellant's possession. First of all, the pistol was found in close proximity to the appellant. Secondly, no one else in the liquor store at the time claimed ownership of the gun. Lastly, two .38 caliber bullets were found on the person of the appellant.
We certainly believe the jury should have been allowed to consider evidence that the gun taken during the robbery in Birmingham was found in the possession of the appellant one week later.
The State in the case at bar was extremely cautious to avoid introducing evidence *Page 1355 
concerning the charge on which the appellant was arrested. Just because the circumstances surrounding the discovery of the pistol on the appellant may have led the jury to believe that the appellant was involved in another robbery, does not justify the exclusion of this evidence. We hold the trial judge properly allowed admission of this evidence during trial.
We have examined this record and find it free of error. Therefore, this cause is due to be, and is, hereby affirmed.
AFFIRMED.
All the Judges concur.