The appellant was convicted of receiving stolen property in the second degree, a violation of § 13A-8-18, Code of Alabama, 1975. He was sentenced to five years' imprisonment, was fined $1,000, was ordered to pay $250 to the Alabama crime victims compensation fund, and was directed to pay restitution to the victim. He was also ordered to pay attorney fees and court costs.
The appellant argues that the State presented insufficient evidence to support finding him guilty of the lesser included offense of receiving stolen property in the second degree, because, he says, the State failed to prove that he had exerted "control" of any stolen property and because, he says, the State failed to prove the value of the alleged stolen property.
The appellant failed to preserve the issue of the State's failure to prove the value of the property, because he never raised this specific claim before the trial court.
However, the appellant consistently argued at trial that he never exerted "control" over the vehicle that constituted the stolen property, because he was a passenger and was asleep in the backseat. At the close of the State's evidence, the appellant made a motion for a judgment of acquittal, arguing that the State failed to prove that he ever controlled the stolen vehicle, which, he maintains is an element of the offense of receiving stolen property. Although the State argues in its brief to this court that "control" is not an element of the offense, it was necessary to prove control in proving the offense of receiving stolen property as control relates to the concept of "possession."
In Berry v. State, 597 So.2d 730 (Ala.Cr.App. 1992), the defendant argued that the State failed to present evidence that he "possessed" stolen guns found in the trunk of a vehicle stolen from the defendant's ex-mother-in-law, which he was driving. This court stated:
 "Section 13A-8-16, 1975 Code of Alabama, provides that the accused's 'possess[ion of] goods or property which have been recently stolen . . . shall be prima facie evidence that he has the requisite knowledge or belief.' The concept of 'possession,' for purposes of the receiving stolen property statute, implies control. 'It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.' Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) ('[t]he defendant must be shown to have had control over the property for an appreciable moment of time'); Martin v. State, 461 So.2d 1340, 1342
(Ala.Cr.App.), cert. denied, 461 So.2d 1343
(Ala. 1984). However, '[a]ctual physical control is not necessary to establish *Page 46 
possession. Possession is to be determined by examining all of the surrounding circumstances.' Cheatham v. State, 431 So.2d 1350, 1354
(Ala.Cr.App. 1983)."
597 So.2d at 733 (emphasis in original).
In J.W.B. v. State, 651 So.2d 73 (Ala.Cr.App. 1994), this court reversed the trial court's judgment and rendered judgment for a defendant who had been convicted of receiving stolen property, where the State failed to prove that the defendant had any "control" over the stolen automobile. This court stated that "[a] defendant with the possession of stolen property 'must be shown to have had control over the property.' Milam v.State, 240 Ala. 314, 317, 198 So. 863, 865 (1941). The term '[r]eceiving . . . includes, but is not limited to, acquiring possession, control or title and taking a security interest in the property.' § 13A-8-1(11)." 51 So.2d. at 75. In J.W.B. v.State, the defendant was not the sole occupant of the vehicle and "there was no evidence that the [defendant] exercised any degree of power or dominion over the automobile." 651 So.2d at 75, citing Knight v. State, 623 So.2d 376, 378
(Ala.Cr.App. 1993); Player v. State, 568 So.2d 370, 373-74
(Ala.Cr.App. 1990) (holding that evidence that a defendant was seen driving a recently stolen automobile supports a conviction for receiving stolen property). Although this court, in J.W.B.v. State, rendered a judgment for the defendant because the State failed to prove an essential element of the charged offense, this court further stated, "By this opinion we do not imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property. We merely hold that, in this particular case, the State failed to present any
evidence indicating the appellant had any control over the vehicle." 651 So.2d at 76 (emphasis in original).
However, in this case, the State presented the testimony of the police officer who arrested the appellant and the driver of the vehicle, as well as a third individual who was also involved in this offense. The officer testified that the steering column was broken and that there was no key for the vehicle. He further testified that a screwdriver found in the vehicle was apparently being used to drive it. He further testified that he took a statement from the appellant in which the appellant acknowledged that he believed the vehicle was stolen because the driver had purchased the vehicle for $75, which he thought was a low price. In his statement, the appellant acknowledged that he was with his friend when they made the purchase and that the title in the vehicle did not match the car. The officer further testified that the other two individuals arrested for receiving stolen property also testified that they believed the vehicle was stolen. The other passenger arrested in the vehicle gave a statement indicating that he and the appellant had also ridden around in the vehicle on another night, with two females, but that the driver of the vehicle was not present at that time.
Although the appellant was not the driver of the automobile, there was sufficient evidence presented through the officer's testimony to indicate that the appellant had knowledge that the vehicle was stolen and that he exercised some control over the vehicle.
 "Most of the elements necessary to establish a prima facie case of receiving stolen property 'are shown by circumstances from which the jury, using their every day common sense, must draw their conclusion.' Ingle v. State, 400 So.2d 938, 940
(Ala.Cr.App. 1981). In a prosecution for receiving stolen goods, '[c]ourts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances and considering the weight to be given evidence.' Tombrello v. State, 431 So.2d 1355, 1358 (Ala.Cr.App. 1983)."
Berry v. State, supra, at 734.
Because the State presented sufficient evidence to satisfy the requisite elements of this offense, the trial court properly denied the appellant's motion for a judgment of acquittal.
AFFIRMED.
All judges concur. *Page 47