FRY, Judge.
On March 1, 2000, the appellant, B.B., a minor, was adjudicated a delinquent child in connection with the criminal charge of receiving stolen property in the first degree, in violation § 13A-8-17, Ala.Code 1975. B.B. was sentenced to the custody of the Department of Youth Services for an undetermined period. This appeal followed.
At the delinquency hearing, Celestine Horton testified that on January 14, 2000, she arrived at a friend’s house in Madison County at approximately 6:00 p.m. Horton said that she drove to the friend’s house in her 1983 Pontiac Bonneville station wagon. Horton stated that when she left her friend’s house at approximately 10:00 p.m. that night her car was gone. Horton then went back into her friend’s house and contacted the police. According to Horton she had not left the keys in her car, and she had not given anyone permission to take her car.
Officer Corey Upton with the Huntsville Police Department testified that he saw a car matching the description of Horton’s at approximately 12:30 a.m. on January 15. According to Upton, when he signalled for the driver to stop, he and the driver of the car engaged in a chase. Upton said the car was occupied by two people and that B.B. was the passenger. Upton stated that, during the pursuit, the driver of the car almost hit another vehicle and at some point, attempted to “ram” his police vehicle. (R. 9.) Upton indicated that the occupants of the car fled after the vehicle wrecked. B.B. was taken into custody by another police officer a short distance from the wreck. The officer took him to the scene of the wreck, where he was identified by Upton as the passenger in Horton’s vehicle. Testimony indicated that Horton owned the car Upton chased and in which B.B. was a passenger.
B.B. claims that the state’s evidence was “insufficient to prove his possession, dominion, and -control of the stolen car.” (B.B.’s brief to this Court at p. 4.) Based strictly on the facts presented at the delinquency hearing in this case, we must agree.
In a strikingly similar case, Judge Bowen, writing for this Court, stated:
“ ‘A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.’ Ala. Code 1975, § 13A-8-16(a). ‘If a person ... [possesses goods or property which have been recently stolen ... this shall be prima facie evidence that he has the requisite knowledge or belief.’ § 13-8-16(b).
“In order to adjudicate a child delinquent, the juvenile court must find ‘on proof beyond a reasonable doubt, based on competent, material, and relevant evidence, that a child committed the acts by reason of which the child is alleged to be delinquent.’ Ala.Code 1975, § 12-15-65(e). The State presented evidence that would support the reasonable inference that the appellant was riding in a recently stolen automobile and that he fled from that automobile after it was wrecked. There was no evidence presented during the State’s case-in-chief as to who was driving the car other than the statement attributed to the appellant, ‘[Bjitch, you didn’t see me driving that car.’ •
*260 “The evidence presented by the State is insufficient to support the adjudication of delinquency because the prosecution failed to prove that the appellant had any ‘control’ over the stolen automobile.
“A defendant charged with the possession of stolen property ‘must be shown to have had control over the property.’ Milam v. State, 240 Ala. 814, 817, 198 So. 863, 865 (1940). The term ‘[receiving ... includes, but is not limited to, acquiring possession, control or title and taking a security interest in the property.’ § 13A-8-1Q1).
“ ‘The concept of “possession,” for purposes of the receiving stolen property statute, implies control. “It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.” Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) (“[t]he defendant must be shown to have had control over the property ...”); Martin v. State, 461 So.2d 1340, 1342 (Ala.Cr.App.), cert. denied, 461 So.2d 1343 (Ala.1984). However, “[ajctual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances.” Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App.1983).’
“Berry v. State, 597 So.2d 730, 733 (Ala.Cr.App.1992) (defendant’s driving recently stolen vehicle imported control and thereby possession of guns stolen at the same time and in the trunk of the vehicle). In this case, the appellant was not the sole occupant of the vehicle and there was no evidence that the appellant exercised any degree of power or dominion over the automobile. Compare Isbell v. State, 57 Ala.App. 444, 329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976). In Isbell, the accused was a passenger in a car that belonged to a third party and that contained recently stolen guns. This Court held that the accused’s mere presence in the vehicle was insufficient to support his conviction for receiving stolen property. ‘In the absence of a showing that he knew the guns to be in the car, knew them to be stolen and exercised some control over them, his presence in the car, standing alone, would not be sufficient for a conviction.’ 57 Ala.App. at 452, 329 So.2d at 140.
“ ‘The general standard by which we review the evidence is as follows:
““‘The action of the trial court in denying a motion for acquittal, in denying a motion to exclude the evidence, ... and in denying a motion for a new trial, must be reviewed by determining whether there existed legal evidence before the jury, at the time the motions were made, from which the jury by fair inference could have found the defendant guilty [beyond a reasonable doubt]. Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978).”
‘“Robinette v. State, [531 So.2d 682, 687 (Ala.Cr.App.1987) ].’
“Ex parte Bailey, 590 So.2d 354, 357 (Ala.1991) (emphasis added).
“By this opinion we do not imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property. We merely hold that, in this particular case, the State failed to present any evidence indicating that the appellant had any control over the vehicle. ‘Because the State has failed to prove an essential element of the charged offense, the appellant’s adjudication of delinquency on the charge of receiving stolen property must be reversed and a verdict rendered in his favor. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). See also L.M.A.W. v. State, 611 So.2d [497, 498 (Ala.Cr.App.1992) ].’ B.E.S. v. State, 629 So.2d 761, 766 (Ala.Cr.App.1993).”
*261 J.W.B. v. State, 651 So.2d 73, 74-76 (Ala.Crim.App.1994). (Emphasis omitted.)
Applying our analysis in J.W.B. to the facts presented at the delinquency hearing, we conclude that the state failed to provide the trial court with sufficient evidence from which it could find that B.B. had any control over the stolen vehicle. We emphasize, however, as we did in J.W.B., that our conclusion is fact specific and does not “imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property.” Because the issue of the sufficiency of the evidence is dispositive, we will not address B.B.’s remaining issues.
The judgment of the trial court is reversed and judgment is hereby rendered in favor of the appellant.
REVERSED AND JUDGMENT RENDERED.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.