Amica Nashawn Brisker was convicted of receiving stolen property in the first degree, a violation of § 13A-8-17, Ala. Code 1975, and of giving a false name to a law-enforcement officer, a violation of §13A-9-18.1, Ala. Code 1975. She was sentenced to 10 years' imprisonment on the receiving-stolen-property charge and was ordered to pay court costs, a fine of $1,000, $250 to the Alabama Crime Victims Compensation Fund, and $500 to the State of Alabama as a partial payment of legal fees for her court-appointed counsel. On the charge of giving a false name to a law-enforcement officer, Brisker was sentenced to six months' confinement in the Baldwin County jail and was ordered to pay court costs and $250 to the Alabama Crime Victims Compensation Fund. The two sentences were to run concurrently.
At trial, Brisker moved for a judgment of acquittal at the close of the State's case and at the close of all the evidence, contending that on the charge of receiving stolen property in the first degree, there was no evidence indicating that she "received [the vehicle], concealed it or did anything to aid another in concealing the vehicle" and that there was not "sufficient evidence to make a prima facie case showing that she had knowledge that the vehicle was stolen." (R. 95-96.) On appeal, Brisker states, "Although the State did show that the automobile had been stolen, and did show that there was reason to have knowledge that the vehicle was stolen, by the broken steering column, there was no evidence showing that [Brisker] was in actual or constructive possession of the stolen property." (Brisker's brief at p. 9.)
Thus, Brisker's only argument on appeal is that the evidence presented at trial was insufficient to establish that she was in actual or constructive possession of the stolen vehicle and that her motion for a judgment of acquittal should have been granted. We must agree.
As previously noted, Brisker was convicted of receiving stolen property in the first degree, a violation of § 13A-8-17. "Receiving stolen property" is defined in § 13A-8-16, Ala. Code 1975, as follows:
 "(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen."
Section 13A-8-1(11), Ala. Code 1975, defines the term "receiving" as "includ[ing], but . . . not limited to, acquiring possession, control, or title and taking a security interest in the property." In Berry v.State, 597 So.2d 730, 733 (Ala.Crim.App. 1992), this Court stated:
 "The concept of `possession,' for purposes of the receiving stolen property statute, implies control. `It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.' Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) (`[t]he defendant must be shown to have had control over the property for an appreciable moment of time.') . . . However, `[a]ctual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances.' Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App. 1983)."
At trial, the only evidence presented by the State was that the stolen vehicle was *Page 217 
being driven by Brisker's boyfriend when it was stopped by law-enforcement officers; that there were four occupants in the stolen vehicle; that Brisker was the front-seat passenger; that Brisker gave a false name to the police officers when she was taken into custody; that the steering column of the vehicle had been broken; and that a screwdriver found in the vehicle was apparently being used to start the vehicle. However, the State failed to present any evidence that showed that Brisker had either driven the stolen vehicle or that she had exercised any dominion or control over it. We have reviewed the record, and although we agree with the State that there was sufficient evidence from which the jury could have inferred that Brisker knew, or should have reasonably believed, that the vehicle was stolen, we find that the State failed to present any evidence that demonstrated that Brisker was in actual or constructive possession of the stolen vehicle.
 "By this opinion we do not imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property. We merely hold that, in this particular case, the State failed to present any
evidence indicating that the appellant had any control over the vehicle. `Because the State has failed to prove an essential element of the charged offense, the appellant's adjudication of delinquency on the charge of receiving stolen property must be reversed and a verdict rendered in his favor. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1
(1978). See also L.M.A.W. v. State, 611 So.2d [497, 498 (Ala.Cr.App. 1992)].'"
J.W.B. v. State, 651 So.2d 73, 76 (Ala.Crim.App. 1994), (emphasis in original). See also B.B. v. State, 778 So.2d 258 (Ala.Crim.App. 2000), which quotes extensively from J.W.B. We find J.W.B. and B.B. to be dispositive of the issue presented in this case.[1]
Based on the foregoing, the judgment of the trial court on the charge of receiving stolen property in the first degree is reversed and a judgment on that charge is rendered in favor of Brisker.
REVERSED AND JUDGMENT RENDERED.
McMillan, P.J., and Cobb and Baschab, JJ., concur. Wise, J., dissents, with opinion.
[1] Bass v. State, 701 So.2d 44 (Ala.Crim.App. 1996), relied on by the State, is distinguishable on its facts. In Bass, the State introduced testimony indicating that the appellant had exercised control over the stolen vehicle with the knowledge that the vehicle had been stolen. This Court noted: "The other passenger arrested in the vehicle gave a statement indicating that he and the appellant had also ridden around in the vehicle on another night, with two females, but that the driver of the vehicle was not present at that time." 701 So.2d at 46.