4 So.3d 1185 (2007)
J.C.C.
v.
STATE of Alabama.
CR-05-1672.
Court of Criminal Appeals of Alabama.
August 31, 2007.
Dale W. Snodgrass, Birmingham, for appellant.
Troy King, atty. gen., and Tracy Daniel, asst. atty. gen., for appellee.

On Application for Rehearing
PER CURIAM.
APPLICATION OVERRULED; UNPUBLISHED MEMORANDUM OF JUNE 29, 2007, WITHDRAWN; AFFIRMED BY UNPUBLISHED MEMORANDUM.
BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW and WELCH, JJ., dissent, both with opinions.
SHAW, Judge, dissenting.
I disagree with the majority's conclusion in its unpublished memorandum that J.C.C.'s challenge to the sufficiency of the evidence is not properly before this Court.
In Ex parte Vaughn, 495 So.2d 83 (Ala. 1986), the Alabama Supreme Court, interpreting and applying Rule 52, Ala.R.Civ.P., "Finding by the Court; Judgment on Partial Findings," held that the following findings of fact by the juvenile court were sufficient to preserve for appeal the sufficiency-of-the-evidence issue:
"`This cause coming to be heard and said child and her mother, Judy Vaughn, the Hon. Michael O'Dell, Assistant District Attorney, and Hon. Stephen Bussman, counselor, being present in Court, having explained the nature of the proceedings to them, and the Court having heard the evidence finds the following facts; said child is a female child under 18 years and about 16 years of age and did with intent to cause serious physical injury to another person, cause serious injury to David Leath by means of a deadly weapon, or a dangerous instrument, to-wit: by cutting said David Leath with a butcher knife in the chest *1186 area and on the hand, in violation of [§ ]13A-6-20 of the Code of Alabama, against the peace and dignity of the State of Alabama ASSAULT  1st Degree (Felony) as charged in the petition, is delinquent, in need of the care and protection of the state, and is declared to be a ward of the Court, and it further appearing to the Court that it is to the best interest of said Paula Gail Vaughn that she be committed to the Alabama Department of Youth Services.'"
495 So.2d at 84.
The Vaughn Court reasoned:
"Rule 52(b) provides an exemption from the requirement of invoking a ruling by the trial court on the issue of evidentiary insufficiency when written findings of fact are made. The trial court's ruling on the sufficiency of the evidence is implicit in a decree in which the trial judge is the trier of the facts. Moreover, by making written findings of fact, the trial judge has had the additional opportunity to reconsider the evidence and discover and correct any error in judgment which he or she may have made upon initial review. Thus, when written findings of fact are made, they serve the same useful purpose as does an objection to the trial court's findings, a motion to amend them, a motion for a new trial, and a motion to dismiss under Rule 41(b), [Ala. R.Civ.P.]  to permit the trial judge an opportunity to carefully review the evidence and to perfect the issues for review on appeal."
495 So.2d at 87.[1]
In the present case, the parties entered into the following stipulation of facts:
"On December 5, 2005, in the Birmingham Division of Jefferson County, Alabama, the child, [J.C.C.], was observed riding in the front passenger seat of a stolen vehicle by Officer J. Jones (I.D. # 2837) of the Birmingham Police Department and another witness, Courtney Lovell Davenport. The stolen vehicle was a 2000 Honda Accord Green 2-door [automobile] valued at $5000.00, the property of Antonio Howard[, which] had been stolen in a robbery on December 3, 2005.
"Courtney Lovell Davenport observed the child, [J.C.C.] riding in the front passenger seat of the stolen 2000 Honda Accord Green 2-door. Davenport contacted Howard by telephone and learned that the vehicle had been stolen. Davenport followed the vehicle while on the telephone with Birmingham Police to the arrest location of the 7500 block of Crestwood Boulevard, also located within Birmingham Division of Jefferson County, Alabama.
"Upon the stolen vehicle coming to a stop, the driver (Dominique Kemp, age 19) exited, ran on foot and was shortly thereafter arrested while the child, [J.C.C.], remained in the front passenger seat of the stolen vehicle. Upon being ordered by the police, the child, [J.C.C.], exited the stolen vehicle and was arrested and charged with receiving stolen property in the first degree. Antonio Howard took possession of the 2000 Honda Accord at the scene. After being interviewed by robbery [sic], the *1187 child, [J.C.C.], was taken to the youth detention facility.
"On this the 25th day of May 2006 the undersigned stipulated to the foregoing as the undisputed relevant facts regarding the charge in the above-styled matter and submit the same to the Court for adjudication and/or disposition."
(C. 30.) Based on this stipulation, the juvenile court ruled: "Charge found true. Child found delinquent. See separate order." (CR. 28.) In its separate order the juvenile court ordered that J.C.C. was to obey the law, to conduct himself properly, to report to his probation officer, to successfully complete the ASAP program, and to attend school daily. The court also ordered that J.C.C.'s status be set for review in 90 days. No postjudgment motions were filed.
"`"A stipulation is a judicial admission, dispensing with proof, recognized and enforced by the courts as a substitute for legal proof. Ritch Realtors, Inc. v. Kinard, 45 N.C.App. 545, 263 S.E.2d 38, 39 (1980)."'"
Williams v. State, 773 So.2d 503, 507 (Ala. Crim.App.2000), quoting Gardner v. State, 668 So.2d 164, 165 (Ala.Crim.App.1995); Bott v. McCoy, 20 Ala. 578, 586 (1852) ("[W]here the facts of a case are agreed upon, and the questions of law alone are submitted to the court for its judgment, we can only respond to the questions of law arising upon the admitted facts."); Benedict v. Little, 288 Ala. 638, 642, 264 So.2d 491, 494 (1972), citing Harper v. Talladega County, 279 Ala. 365, 185 So.2d 388 (1966) ("When the parties stipulate that certain facts exist, those facts are taken as true by this court."); 89 C.J.S. Trial § 1079 (2001) ("Findings of fact are unnecessary where the case is submitted on an agreed statement or stipulation of facts which embraces the ultimate facts essential to support a judgment." (footnotes omitted)).
Here, both parties agreed to the facts and asked only that the juvenile court apply the law to those facts. It was not necessary for the juvenile court to make findings of fact  the court needed only to apply the applicable law to a specific set of facts stipulated to by the parties. Based on the rationale of Vaughn and its progeny, it seems reasonable to me to treat the juvenile court's order as incorporating the written stipulation of facts, and, therefore, to hold that the order contains "findings of fact" within the meaning of Rule 52(b), Ala.R.Civ.P. To require the juvenile court to restate the stipulated facts in its order when that order was clearly based on the stipulation, would, in my view, elevate form over substance because the additional findings by the juvenile court would necessarily be redundant to the stipulation.
Additionally, in his opinion concurring specially in New Properties, L.L.C. v. Stewart, 905 So.2d 797, 805 (Ala.2004), Justice Harwood noted that, "as recognized in James, ... [the sufficiency-of-the-evidence issue] may be preserved where an explicitly focused treatment of the evidentiary viability of an issue by the trial judge undergirds the ensuing judgment in such a way that the judgment necessarily is tantamount to a `finding of fact.'" Therefore, even if the stipulation of facts cannot be deemed incorporated into the juvenile court's order, the court's adjudication of delinquency, based as it was on a specific written stipulation of facts executed by the parties and on specific arguments of counsel based on that stipulation, should be tantamount to a finding of fact by the juvenile court.[2]
I would address the sufficiency of the evidence and reverse the adjudication of *1188 delinquency on the authority of B.B. v. State, 778 So.2d 258 (Ala.Crim.App.2000). See also Brisker v. State, 826 So.2d 215 (Ala.Crim.App.2001). Therefore, I must respectfully dissent.
WELCH, Judge, dissenting.
I believe that J.C.C.'s challenge to the sufficiency of the evidence has been preserved for appellate review. Therefore, I respectfully dissent for the same reasons Judge Shaw expressed in his dissent. Additionally, I am persuaded by J.C.C.'s argument on application for rehearing that the cases relied upon by the State  N.L.H. v. State, 873 So.2d 258, 259-60 (Ala.Crim.App.2003), M.B. v. State, 630 So.2d 490, 491 (Ala.Crim.App.1993), and Ex parte Vaughn, 495 So.2d 83 (Ala. 1986)  are distinguishable in that "each of those cases the trial court conducted hearings on disputed facts, not stipulated facts." (J.C.C.'s brief in support of application for rehearing at p. 8.)
Thus, I believe that J.C.C.'s challenge to the sufficiency of the evidence is preserved and that the analysis set forth in B.B. v. State, 778 So.2d 258, 259-61 (Ala.Crim. App.2000), requires that his conviction be reversed and judgment rendered in his favor.
NOTES
[1] The rationale of Vaughn, or, at least, some Justices' application of Vaughn, has been questioned. See Ex parte James, 764 So.2d 557 (Ala.1999) (Lyons, J., concurring in the result). But see New Props., L.L.C. v. Stewart, 905 So.2d 797 (Ala.2004) (discussing, among other cases, Vaughn and James, and reaffirming the core principle of those cases  that, in a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency of the evidence in order to preserve that question for appellate review).
[2] See New Props., 905 So.2d at 801 n. 2.