4 So.3d 1188 (2008)
Ex parte J.C.C.
(In re J.C.C. v. State of Alabama).
1061757.
Supreme Court of Alabama.
May 23, 2008.
*1189 Dale W. Snodgrass, Birmingham, for petitioner.
Troy King, atty. gen., and Tracy M. Daniel, asst. atty. gen., for respondent.
SEE, Justice.
J.C.C., a minor, petitioned this Court for the writ of certiorari to review a decision of the Court of Criminal Appeals. The Court of Criminal Appeals held that J.C.C.'s sufficiency-of-the-evidence claim was not preserved because the trial court did not enter findings of fact and J.C.C. did not file a postjudgment motion to preserve his challenge. This case presents an issue of first impression  whether a written stipulation of facts in a juvenile delinquency adjudication may serve as "findings of fact" for purposes of Rule 52(b), Ala. R. Civ. P.,[1] and thereby preserve for appeal a sufficiency-of-the-evidence claim. We reverse the judgment of the Court of Criminal Appeals, and we remand the case.

Facts and Procedural History
In December 2005, Officer J. Jones of the Birmingham Police Department and another witness observed J.C.C. riding in the front passenger seat of a stolen automobile. After Officer Jones stopped the vehicle, the driver fled on foot and was captured and arrested. J.C.C. remained in the vehicle, was arrested, and was charged, under § 13A-8-16(a), Ala.Code 1975, with receiving stolen property.[2]
Before trial, the parties filed a stipulation of facts in the trial court, and no evidence was entered at J.C.C.'s delinquency hearing. Based upon the stipulated facts, the trial court adjudicated J.C.C. delinquent. J.C.C. appealed the trial court's ruling to the Court of Criminal Appeals, claiming that the State did not prove a prima facie case of receiving stolen property. Specifically, J.C.C. alleged that the State had failed to prove that J.C.C. had control over the stolen car in which he had been a passenger.[3]
On June 29, 2007, the Court of Criminal Appeals affirmed the trial court's judgment in an unpublished memorandum. *1190 J.C.C. v. State (No. CR-05-1672, June 29, 2007). The memorandum, authored by Judge Welch, stated that "[b]ecause the [trial] court did not set forth its own written findings in support of its judgment, J.C.C. was required to file a postjudgment motion to preserve his challenge to the sufficiency of the evidence." J.C.C. applied for a rehearing before the Court of Criminal Appeals. The Court of Criminal Appeals denied J.C.C.'s application for rehearing but withdrew its June 29, 2007, unpublished memorandum, and again affirmed the judgment of the trial court, this time in an unpublished memorandum issued per curiam. The substituted memorandum was identical to the original unpublished memorandum. J.C.C. v. State (No. CR-05-1672, August 31, 2007), 4 So.3d 1185 (Ala.Crim.App.2007). Judge Welch, the author of the June 29, 2007, memorandum, dissented from the per curiam unpublished memorandum, stating that J.C.C.'s challenge to the sufficiency of the evidence had been preserved for review and that the analysis in B.B. v. State, 778 So.2d 258 (Ala.Crim.App.2000), "requires that his conviction be reversed and judgment rendered in his favor." 4 So.3d at 1188 (Welch, J., dissenting).

Issue
We granted certiorari review to determine whether a "stipulation of facts" operates as "findings of fact" under the language of Rule 52(b), Ala. R. Civ. P., so as to allow a juvenile appellant[4] to raise the issue of sufficiency of the evidence on appeal when the juvenile did not object to the sufficiency of the evidence in the trial court or raise that issue in a postjudgment motion.

Standard of Review
"`"This Court reviews pure questions of law in criminal cases de novo."'" Ex parte Jett, [Ms. 1060281, July 20, 2007] ___ So.3d ___, ____ (Ala.2007) (quoting Ex parte Morrow, 915 So.2d 539, 541 (Ala. 2004), quoting in turn Ex parte Key, 890 So.2d 1056, 1059 (Ala.2003)).

Analysis
J.C.C. argues that the Court of Criminal Appeals' affirmance of his conviction raises a question of first impression for this Court. He frames the issue as "whether a Stipulation of Facts[,] when no other testimony or evidence is presented, operates as findings of fact under the language of Rule 52(b), Ala. R. Civ. P., so as to allow an appellant to raise the issue of sufficiency of the evidence for the first time on appeal." Petition at 2.
The language of Rule 52(b) suggests that the purpose of the rule is to allow the parties to move the trial court to "amend its findings or make additional findings or... amend the judgment accordingly."[5]
*1191 In this case, it is clear that both J.C.C. and the State were satisfied with the stipulated facts because neither party moved, pursuant to Rule 52(b), to amend those facts. The trial court's adjudication of delinquency in connection with the criminal charges against J.C.C. implies that the trial court considered the stipulated facts sufficient to support its conclusion of law. Therefore, J.C.C. has preserved the sufficiency-of-the-evidence claim, and the sole issue for review by the Court of Criminal Appeals is J.C.C.'s claim "that the State did not prove a prima facie case of receiving stolen property" because "the State failed to prove that he had `control' over the stolen automobile."
The Court of Criminal Appeals rejected J.C.C.'s appeal and affirmed the trial court's judgment based solely on its determination that "[b]ecause the court did not set forth its own written findings in support of its judgment, J.C.C. was required to file a postjudgment motion to preserve his challenge to the sufficiency of the evidence. This he did not do." Although J.C.C.'s appeal is framed by the Court of Criminal Appeals as a challenge to the sufficiency of the evidence to support the trial court's findings of fact, we note that the parties submitted no evidence; instead, the parties submitted the case on a stipulation of facts. Because there was no evidence to be weighed in this case, there was no need for the trial court to make any findings of fact. The trial court had only to apply the law to the facts as stipulated by the parties; therefore, J.C.C.'s appeal does not implicate Rule 52(b) but presents a pure question of law.[6]

Conclusion
We hold that J.C.C.'s appeal to the Court of Criminal Appeals presented a pure question of law rather than a challenge to the sufficiency of the evidence; therefore, we reverse the Court of Criminal Appeals' affirmance, which was based on J.C.C.'s failure to file a postjudgment motion challenging the sufficiency of the evidence. We remand the case to the Court of Criminal of Appeals for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
COBB, C.J., recuses herself.
NOTES
[1] Rule 52(b), Ala. R. Civ. P., exempts a party from the requirement of making an objection or filing a postjudgment motion in order to preserve for appeal a sufficiency-of-the-evidence claim in a nonjury trial in which specific findings of fact are made.
[2] Section 13A-8-16(a) provides:

"(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
[3] In B.B. v. State, 778 So.2d 258 (Ala.Crim. App.2000), the Court of Criminal Appeals reversed B.B.'s adjudication of delinquency based on a charge of receiving stolen property after B.B. was arrested for being a passenger in a stolen car. The Court of Criminal Appeals held that, "[i]n this case, the appellant was not the sole occupant of the vehicle and there was no evidence that the appellant exercised any degree of power or dominion over the automobile." 778 So.2d at 260.
[4] Rule 52(b), Ala. R. Civ. P., provides:

"(b) Upon motion of a party filed not later than thirty (30) days after judgment or entry of findings and conclusions the court may amend its findings or make additional findings or may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial."
Rule 1(A), Ala. R. Juv. P., provides, in pertinent part, that "[if] no procedure is specifically provided in these rules or by statute, the Alabama Rules of Civil Procedure shall be applicable to the extent not inconsistent herewith."
[5] The Committee Comments on 1973 Adoption of Rule 52, Ala. R. Civ. P., further clarify the amendatory purpose of Rule 52(b):

"Subdivision (b) of Rule 52 seems to provide adequate safeguards to all parties and to the court for the amendment of findings after judgment. The time limit for a motion to accomplish that objective is 30 days after judgment, which is the time limit for filing motions for new trial, although motions for new trial are not prerequisite to appeal if all grounds for review have already been presented to the trial court, in a doubtful case it would be good practice to do so. See 6A Moore's Federal Practice, ¶ 59.14 (2d ed.1971)."
[6] See Ex parte Clemons, [Ms. 1041915, May 4, 2007] ___ So.3d ___, ____ (Ala.2007) ("`[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, the court's review in a Rule 32[, Ala. R.Crim. P.,] proceeding is de novo."' (quoting Ex parte White, 792 So.2d 1097, 1098 (Ala.2001))); Town of Cedar Bluff v. Citizens Caring for Children, 904 So.2d 1253, 1255-56 (Ala.2004) ("`Because no material facts are disputed and this appeal focuses on the application of the law to the facts, no presumption of correct[ness] is accorded to the trial court's judgment. Therefore, we review de novo the application of the law to the facts of this case."' (quoting Allstate Ins. Co. v. Skelton, 675 So.2d 377, 379 (Ala. 1996))).