4 So.3d 1192 (2008)
J.C.C.
v.
STATE of Alabama.
CR-05-1672.
Court of Criminal Appeals of Alabama.
August 29, 2008.
Dale W. Snodgrass, Birmingham, for appellant.
Troy King, atty. gen., and Tracy Daniel, asst. atty. gen., for appellee.

On Remand from the Alabama Supreme Court.
WELCH, Judge.
J.C.C., a juvenile, was adjudicated a delinquent based upon a charge that he intentionally received, retained, or disposed of a stolen motor vehicle, a violation of § 13A-8-17, Ala.Code 1975, (first-degree receiving stolen property). J.C.C. appealed, challenging the sufficiency of the evidence. In an unpublished memorandum issued on August 31, 2007, this Court affirmed the circuit court's judgment on the ground that J.C.C. had not preserved his claim. J.C.C. v. State, 4 So.3d 1185 (Ala. Crim.App.2007). On May 23, 2008, the Alabama Supreme Court held that J.C.C. had preserved his claim and it reversed this Court's judgment and remanded this case to this Court for proceedings consistent with its opinion. Ex parte J.C.C., 4 So.3d 1188 (Ala.2008). Accordingly, we now address J.C.C.'s claim that the State presented insufficient evidence to prove the necessary elements of receiving stolen property  specifically that the State failed to prove that he had possession, dominion, and control over a stolen vehicle  in order to adjudicate him a delinquent child.
The parties filed the following stipulation of facts in the juvenile court:
"On December 5, 2005, in the Birmingham Division of Jefferson County, Alabama, the child [J.C.C.], was observed riding in the front passenger seat of a stolen vehicle by Officer J. Jones (I.D.# 2837) of the Birmingham Police Department and another witness, Courtney Lovell Davenport. The stolen vehicle was a 2000 [model year] Honda Accord Green 2-door [automobile] valued at $5000.00, the property of Antonio *1193 Howard, and had been stolen in a robbery on December 3, 2005.
"Courtney Lovell Davenport observed the child, [J.C.C.], riding in the front passenger seat of the stolen 2000 Honda Accord Green 2-door. Davenport contacted Howard by telephone and learned that the vehicle had been stolen. Davenport followed the vehicle while on the telephone with Birmingham Police to the arrest location of the 7500 block of Crestwood Boulevard, also located within Birmingham Division of Jefferson County, Alabama.
"Upon the stolen vehicle coming to a stop, the driver (Dominique Kemp, age 19) exited, ran on foot and was shortly thereafter arrested while the child, [J.C.C.], remained in the front passenger seat of the stolen vehicle. Upon being ordered by the police, the child, [J.C.C.], exited the stolen vehicle and was arrested and charged with receiving stolen property in the first degree. Antonio Howard took possession of the 2000 Honda Accord at the scene. After being interviewed by robbery [sic], the child, [J.C.C.], was taken to the youth detention facility.
"On this the 25th day of May 2006 the undersigned stipulated to the foregoing as the undisputed relevant facts regarding the charge in the above-styled matter and submit[ted] the same to the Court for adjudication and/or disposition."
(CR.30.)
Based on the stipulation of facts, the trial court found the charge to be true and adjudicated J.C.C. a delinquent.
J.C.C. claims on appeal that the State did not prove a prima facie case of receiving stolen property. J.C.C. argues that the State failed to prove that he had "control" over the stolen automobile. He asserts that the stipulated facts reflect that J.C.C. was merely a passenger in an automobile being driven by Dominique Kemp.
"A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner."
§ 13A-8-16(a), Ala.Code 1975.
B.B. v. State, 778 So.2d 258 (Ala.Crim. App.2000), which quotes extensively from J.W.B. v. State, 651 So.2d 73, 76 (Ala.Crim. App.1994), is dispositive of the issue raised in this case. We quote the following from B.B.:
"On March 1, 2000, the appellant, B.B., a minor, was adjudicated a delinquent child in connection with the criminal charge of receiving stolen property in the first degree, in violation § 13A-8-17, Ala.Code 1975. B.B. was sentenced to the custody of the Department of Youth Services for an undetermined period. This appeal followed.
"At the delinquency hearing, Celestine Horton testified that on January 14, 2000, she arrived at a friend's house in Madison County at approximately 6:00 p.m. Horton said that she drove to the friend's house in her 1983 Pontiac Bonneville station wagon. Horton stated that when she left her friend's house at approximately 10:00 p.m. that night her car was gone. Horton then went back into her friend's house and contacted the police. According to Horton she had not left the keys in her car, and she had not given anyone permission to take her car.
"Officer Corey Upton with the Huntsville Police Department testified that he saw a car matching the description of Horton's at approximately 12:30 a.m. on *1194 January 15. According to Upton, when he signalled for the driver to stop, he and the driver of the car engaged in a chase. Upton said the car was occupied by two people and that B.B. was the passenger. Upton stated that, during the pursuit, the driver of the car almost hit another vehicle and at some point, attempted to `ram' his police vehicle. (R. 9.) Upton indicated that the occupants of the car fled after the vehicle wrecked. B.B. was taken into custody by another police officer a short distance from the wreck. The officer took him to the scene of the wreck, where he was identified by Upton as the passenger in Horton's vehicle. Testimony indicated that Horton owned the car Upton chased and in which B.B. was a passenger.
"B.B. claims that the state's evidence was `insufficient to prove his possession, dominion, and control of the stolen car.'... Based strictly on the facts presented at the delinquency hearing in this case, we must agree.
"In a strikingly similar case, Judge Bowen, writing for this Court, stated:
"`"A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner." Ala.Code 1975, § 13A-8-16(a). "If a person ... [p]ossesses goods or property which have been recently stolen ... this shall be prima facie evidence that he has the requisite knowledge or belief." § 13-8-16(b).
"`In order to adjudicate a child delinquent, the juvenile court must find "on proof beyond a reasonable doubt, based on competent, material, and relevant evidence, that a child committed the acts by reason of which the child is alleged to be delinquent." Ala.Code 1975, § 12-15-65(e). The State presented evidence that would support the reasonable inference that the appellant was riding in a recently stolen automobile and that he fled from that automobile after it was wrecked. There was no evidence presented during the State's case-in-chief as to who was driving the car other than the statement attributed to the appellant, "[B]itch, you didn't see me driving that car."
"`The evidence presented by the State is insufficient to support the adjudication of delinquency because the prosecution failed to prove that the appellant had any "control" over the stolen automobile.
"`A defendant charged with the possession of stolen property "must be shown to have had control over the property." Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940). The term "[r]eceiving ... includes, but is not limited to, acquiring possession, control or title and taking a security interest in the property." § 13A-8-1(11).
"`"The concept of `possession,' for purposes of the receiving stolen property statute, implies control. `It is undoubtedly true that, in order to sustain a conviction for receiving stolen property, the defendant must be shown to have had a control over the property.' Booker v. State, 151 Ala. 97, 99, 44 So. 56, 56 (1907). See also Milam v. State, 240 Ala. 314, 317, 198 So. 863, 865 (1940) (`[t]he defendant must be shown to have had control over the property ...'); Martin v. State, *1195 461 So.2d 1340, 1342 (Ala.Cr.App.), cert. denied, 461 So.2d 1343 (Ala. 1984). However, `[a]ctual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances.' Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App.1983)."
"`Berry v. State, 597 So.2d 730, 733 (Ala.Cr.App.1992) (defendant's driving recently stolen vehicle imported control and thereby possession of guns stolen at the same time and in the trunk of the vehicle). In this case, the appellant was not the sole occupant of the vehicle and there was no evidence that the appellant exercised any degree of power or dominion over the automobile. Compare Isbell v. State, 57 Ala.App. 444, 329 So.2d 133, cert. denied, 295 Ala. 407, 329 So.2d 140 (1976). In Isbell, the accused was a passenger in a car that belonged to a third party and that contained recently stolen guns. This Court held that the accused's mere presence in the vehicle was insufficient to support his conviction for receiving stolen property. "In the absence of a showing that he knew the guns to be in the car, knew them to be stolen and exercised some control over them, his presence in the car, standing alone, would not be sufficient for a conviction." 57 Ala. App. at 452, 329 So.2d at 140.
"`"The general standard by which we review the evidence is as follows:
"`"`The action of the trial court in denying a motion for acquittal, in denying a motion to exclude the evidence, ... and in denying a motion for a new trial, must be reviewed by determining whether there existed legal evidence before the jury, at the time the motions were made, from which the jury by fair inference could have found the defendant guilty [beyond a reasonable doubt]. Thomas v. State, 363 So.2d 1020 (Ala.Crim.App.1978).'
"`"Robinette v. State, [531 So.2d 682, 687 (Ala.Cr.App.1987)]."
"`Ex parte Bailey, 590 So.2d 354, 357 (Ala.1991)....
"`By this opinion we do not imply that a passenger in a stolen vehicle may never be convicted of receiving stolen property. We merely hold that, in this particular case, the State failed to present any evidence indicating that the appellant had any control over the vehicle. "Because the State has failed to prove an essential element of the charged offense, the appellant's adjudication of delinquency on the charge of receiving stolen property must be reversed and a verdict rendered in his favor. Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). See also L.M.A.W. v. State, 611 So.2d [497, 498 (Ala.Cr. App.1992)]." B.E.S. v. State, 629 So.2d 761, 766 (Ala.Cr.App.1993).'
"J.W.B. v. State, 651 So.2d 73, 74-76 (Ala.Crim.App.1994). (Emphasis omitted.)"
778 So.2d at 259-61. See also Brisker v. State, 826 So.2d 215 (Ala.Crim.App.2001) citing (J.W.B. and B.B. as dispositive of the issue and reversing conviction for receiving stolen property in the first degree); but see Bass v. State, 701 So.2d 44 (Ala. Crim.App.1996) (noting that State presented evidence reflecting that Bass had exercised control over the stolen vehicle with the knowledge that the vehicle had been stolen).
Applying the analysis in B.B. and J.W.B. to the stipulated facts presented in the instant case, we conclude that the State failed to provide the trial court with sufficient *1196 evidence from which it could find that J.C.C. had any control over the stolen vehicle.
The judgment of the trial court is reversed, and a judgment is hereby rendered in favor of J.C.C.
REVERSED AND JUDGMENT RENDERED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.